# Androlonis *v.* Philadelphia & Reading C. & I. Co., Appellant.

*Workmen's compensation—Loss of eye—Act of June 2, 1915, section 306 (c), P. L. 736, 743.*

The fact that through an operation and by use of artificial means such as glasses, a very small percentage of sight, such as 1-15 of normal vision, has been restored to one of claimant's eyes, does

not take his case out of the class of "permanent loss of eye," as that phrase is used in the Workmen's Compensation Act of June 2, 1915, section 306 (c), P. L. 736, 743.

Argued February 18, 1924.   Appeal, No. 8, Jan. T., 1924, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1922, No. 415, affirming decision of Workmen's Compensation Board, in case of Bryan Androlonis v. Philadelphia & Reading Coal & Iron Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER, and SCHAFFER, JJ.   Affirmed.

Petition to terminate compensation agreement. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Defendant appealed.

*Error assigned* was, judgment, quoting it.

*John F. Whalen,* with him *George Ellis,* for appellant, cited: Fillip v. Cramp & Son S. & E. Co., 80 Pa. Superior Ct. 68.

*Henry Houck,* for appellee.

PER CURIAM, March 17, 1924:

On December 9, 1918, appellee was injured while in the course of his employment, by a premature explosion of dynamite. Following the accident, a compensation agreement was executed by the injured man and his employer, the appellant, which stated the nature of the injury to be, "Left eye, vision 1-15," adding, "for all practical use he has lost the sight of both eyes"; and said, concerning the "duration of incapacity," that it lasted "from December 9, 1918, to August 24, 1926," totaling "400 weeks" of "disability," "under section 306 (a) and (c)" of the act. After paying compensation for 125 weeks (the period specified by the act for the loss of one eye), appellant filed a petition with the Workmen's Com-

pensation Board to terminate the agreement, on the ground that claimant's disability had ceased, in that he had recovered the "useful vision" of his left eye, and had returned to work. The compensation authorities refused the prayer of the petition, the court below affirmed, and this appeal ensued.

Broadly speaking, the record raises two fundamental questions: first, whether there is competent evidence to sustain the referee's findings of fact, and, second, if the findings are properly supported, whether the law was correctly applied to the facts.

The crux of the case appears in the sixth statement of fact thus: "We find the claimant has been at work, since June, 1919, as a miner, helping a contract miner; he does his work with the aid of glasses. He cannot do his work without the use of glasses; without their use he is blind for all practical purposes." This finding is amply sustained by evidence, given by both lay and expert medical witnesses, which accords with the facts as to claimant's sight stated in the compensation agreement, and shows that he is blind in the right eye and has, with the use of glasses, only 1-15 of normal vision in the left eye. The testimony of Dr. L. Webster Fox, an eminent oculist, shows claimant's impaired condition is permanent; that the claimant is totally blind in the right eye; that he has but 1-15 of normal vision in the left eye; that for all practical purposes 1-15 of normal vision constitutes the loss of an eye; that claimant's work is done largely by the sense of feeling, since he has no range of vision and no coördination. When asked as to claimant's capacity to labor, the witness said: "Put a shovel in his hands, he could fill a car if it is in front of him, but his competing ability is nil, he couldn't stand up with another miner; he has lost his competing ability."

The Pennsylvania Compensation Law, section 306 (c), Act of 1915, P. L. 736, 743, provides: "Permanent loss of the use of the hand, arm, foot, leg or eye shall be

considered as the equivalent of the loss of such hand, arm, foot, leg or eye." The fact that, through an operation and by the use of artificial means, such as glasses, a very small percentage of sight has been restored to one of claimant's eyes does not take his case out of the class of "permanent loss of eye," as that phrase is used in the act.

Fillip v. Cramp, 80 Pa. Superior Ct. 68, relied on by appellant, is quite different in its facts from the case now before us. Moreover, the Superior Court there recognizes, and states: "If the sight is practically destroyed and only a little vision left, the act should afford compensation for this the same as if the sight were gone entirely."

The judgment is affirmed.