## No. 13,977.

Denton *v.* Prudential Insurance Company of America.
(67 P. [2d] 77)

Decided April 12, 1937.

294

Mr. John P. Mueller, for plaintiff in error.

Messrs. Benedict & Phelps, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This was an action brought by the plaintiff in error, plaintiff below, against the defendant in error, insurance company, defendant below, upon the total disability clause of a group policy contract of insurance carried by the plaintiffs' employer, and was based on a heart condition which allegedly caused him to be totally and permanently disabled within the meaning of the contract. The parties hereinafter will be designated as plaintiff and the insurance company. At the close of the plaintiff's case in the court below the insurance company filed a motion for a nonsuit which was granted and the action dismissed. Motion for new trial was denied and plaintiff assigns error based chiefly on the sustaining by the trial court of the motion for a nonsuit and the exclusion of certain testimony.

The facts were substantially as follows: The plaintiff had for sometime been employed as a collector for the insurance company, working on a salary and commissions. On the 30th of April, 1933, while playing baseball at a Sunday school picnic he suffered a heart attack and fainted. He returned to work on the following day but did not feel well so only worked until Wednesday, May 3rd, when he laid off for the remainder of that week and all of the following week to rest. He returned to work on May 16th, but found he was weak and that he got short of breath. On several occasions he had fainting spells and it was frequently necessary for him to sit down and rest during his work.

His territory covered quite a large section in North Denver and he usually made about three hundred calls a week. Following his illness the company took some of his territory away and some of his associates helped him with minor parts of his work, but he continued working with no decrease in compensation until he was discharged for an alleged shortage in his accounts on February 9, 1935. He admitted that he did nearly all of the collecting required by the company.

At the trial his counsel offered to show that plaintiff was not short in his accounts, which offer was denied and he did not offer any evidence to show that he was dismissed on account of his physical condition.

Plaintiff filed this action on May 22, 1935, several months after his discharge and about two years after the beginning of the alleged total disability. There is no question but what the insurance company's liability as to his condition terminated on February 9, 1935, the date of his discharge, unless the plaintiff could establish total and permanent disability within the meaning of the contract prior to that date.

Since the only important question in this case is whether the trial court was justified in granting a nonsuit, it will be unnecessary to consider the plaintiff's individual assignments of error. The provision in the policy relating to total and permanent disability is as follows:

"Total and Permanent Disability. If the said employee, while less than sixty years of age, and while the insurance on the life of said employee under said Policy is in full force and effect, shall become totally and permanently disabled or physically or mentally incapacitated to such an extent that he or she by reason of such disability or incapacity is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his or her lifetime, said amount of insurance will be paid to said employee either in one sum six months after the Company has received due proof of such disability or incapacity, or in monthly installments during five years, the first installment to be payable immediately upon receipt by the Company of due proof of such disability or incapacity; in accordance with the provisions of said Policy. The disability benefits will be granted subject to cessation, in accordance with the provisions of the Policy, should such disability or incapacity prove to be temporary and not permanent. The entire and irrecoverable loss of the sight of both eyes, or of the use of both hands, or of both feet, or of one hand and one foot, will be considered total and permanent disability or incapacity within the meaning of the provisions of said Policy."

Was the plaintiff totally and permanently disabled between April 30, 1933, and February 9, 1935? Evidently the trial court thought not, and we think the evidence justified its conclusion. It is true that there have been no recent cases in Colorado on this precise question, particularly in view of the phraseology of the later insurance contracts, but we have had some expressions indicating what the rule ought to be. For instance, the Court of Appeals held that total disability does not mean absolute helplessness, and it is enough to meet the requirements of the insurance contract if the insured is entirely incapacitated for work or business. The fact that he may be able to go to his physician's office for

treatment does not·contradict the fact of his total disability. *Mutual Benefit Ass'n v. Nancarrow,* 18 Colo. App. 274, 71 Pac. 423. In this case recovery was allowed. Nor does the fact that a man may be able to travel unattended and give some attention to his business deprive him of recovery in cases of this kind. *United States Casualty Co. v. Hanson,* 20 Colo. App. 393, 79 Pac. 176.

■ In none of the cases cited by counsel for plaintiff have the courts gone as far as we are asked to go in this case. We agree with the rule that contracts of insurance are to be construed most strongly against the company and liberally construed in favor of the insured, but all the courts agree that they may not substitute an entirely different contract from that which the parties have entered into.

■ A review of the cases on this question as set forth in 98 A. L. R., at p. 797, indicates that the rule is that the insured may not be regarded as totally disabled as of a time when, although sick, diseased, injured, or otherwise afflicted, he continues to do his ordinary work or is regularly performing his usual and customary duties. There is no question but what this rule is determinative of this case. The plaintiff admits continuing his usual work at substantially the same compensation up until the time of his discharge.

■ In a recent Utah case the Supreme Court of that state held that disability to engage in any occupation and perform any work for compensation or profit contemplates that the compensation or profit to be received from the occupation engaged in, or work done, shall in a fair sense be remunerative, and not merely nominally so. *Colovos v. Home Life Ins. Co.,* 83 Utah 401, 28 P. (2d) 607. We subscribe to this theory and when applied to the plaintiff here it is clear to us that he was not totally and permanently disabled within the meaning of the contract.

■ On the question of the propriety of the nonsuit we feel a recent Washington case is persuasive where

the plaintiff was trying to recover against an insurance company on the ground that he was totally and permanently disabled. The testimony in that case was to the effect that the insured had been able to perform most of the duties of his profession. Yet the trial court permitted the case to go to the jury which allowed recovery. On appeal the Supreme Court of Washington said: "The jury did not find, and in the face of respondent's admissions and his evidence could not have found, that he was totally and permanently disabled." The judgment was reversed and the case dismissed. *Richards v. Metropolitan Life Ins. Co.,* 184 Wash. 595, 55 P. (2d) 1067, and *Goodstein v. Silver Plume Mines Co.,* 79 Colo. 269, 245 Pac. 714.

Our conclusion, therefore, is that the trial court committed no error in excluding certain testimony which was not proper on the question of total and permanent disability, and, on the evidence before it, the jury would not have been justified under the law in rendering a verdict in any amount for the plaintiff.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.