In the Matter of the Claim of RAYMOND GILBERT, a Volunteer Fireman, for Compensation against the TOWNS OF PENDLETON AND AMHERST, Pursuant to Section 205, Subdivision 2, of the General Municipal Law, for Disability Caused or Induced by Actual Performance of His Duties as Such Volunteer Fireman, etc.

County Court, Niagara County, December 8, 1937.

*Corden T. Hackett*, for the petitioner.

*J. Francis Harter*, for the defendant town of Amherst.

*Robert L. Rice, Jr.*, for the defendant town of Pendleton.

GOLD, J. This is a proceeding instituted in this court against the town of Pendleton in the county of Niagara and the town of Amherst in the county of Erie, N. Y., by the petitioner, Raymond Gilbert, a resident of the said town of Pendleton. The petitioner is a volunteer fireman and a member of the Wendelville Fire Company, Inc., a membership corporation incorporated pursuant to article 5 of the Membership Corporations Law. The Wendelville Fire Company, Inc., is located in the town of Pendleton in said county of Niagara.

On June 4, 1934, the town board of the town of Amherst aforesaid adopted the following resolution: " That permission be granted the Wendelville Fire Company to answer fire calls in the territory in the Town of Amherst adjacent to the section directly served by such company until further notice."

On October 12, 1935, a fire took place in the northerly end of the town of Amherst, which consisted of the burning of a load of cornstalks. Said fire company was called to said fire and petitioner, in the performance of his duties as a volunteer fireman and a member of said company, attended at said fire and assisted in extinguishing the same.

Petitioner, together with other members of said volunteer fire company, turned or dumped said load of burning cornstalks into a ditch for the purpose of better extinguishing said fire. Having just completed the operation and while still in said highway, it is claimed that petitioner was obliged to quickly move or step aside to get out of the way of an automobile approaching him and then being operated on said highway and that he received and sustained several serious injuries without any fault upon his part.

Among other things, it is claimed that he wrenched his right knee, which results in frequent slipping sensations in the knee joint, and it is claimed that he sustained damage to the semilunar cartilage to the extent of an incomplete tear or he has so damaged it as to develop a cyst in the cartilage.

As a result of this condition, petitioner claims that he is permanently incapacitated for performing his full duties as a volunteer fireman and brings this proceeding to recover the sum of $1,500, pursuant to subdivision 2 of section 205 of the General Municipal Law.

The defendant town of Pendleton claims that there is no liability against said town, as the company was called to extinguish a fire in the town of Amherst.

I find that as the fire occurred in the town of Amherst, the town of Pendleton is in no way liable for any injuries sustained by petitioner.

The defendant town of Amherst claims, *first*, that the injuries to petitioner were caused through his own fault; and, *second*, that the injuries sustained by petitioner were not of a nature as to cause him to become permanently incapacitated for performing the full duties of a volunteer fireman.

I find that the injuries received by petitioner were not caused through his own fault. I am satisfied that petitioner did that which any reasonably careful, prudent man would have done under the same circumstances.

It is contended by said town of Amherst that the petitioner should submit to an operation and that his failure to do so precludes him from recovering upon his claim. It claims it is the duty of petitioner to do all that is in his power to minimize the damage resulting from defendant's wrong.

The cases cited by defendant are easily distinguishable from the case at bar. All of the cases cited refer to a type of action in which the amount of damage depends upon the extent of the injuries of the person injured.

Defendant cites *Blate* v. *Third Avenue R. R. Co.* (44 App. Div. 163); also *Lyons* v. *Erie Railway Company* (57 N. Y. 489).

The rule claimed by the defendant has been extended to claims made under the Workmen's Compensation Law. (*Palloni* v. *Brooklyn-Manhattan Transit Corp.*, 215 App. Div. 634.)

In this latter case the appellate court held that the unjustified fright of the claimant was not a reasonable ground for refusal to submit to an operation when there was no proof that such an operation was fatal or even dangerous.

The defendant sets forth the rule with reference to right to recover for permanent disability under a policy of life insurance and cites *Finkelstein* v. *Metropolitan Life Insurance Co.* (152 Misc. 439).

Both parties claim that the courts have not passed upon the precise question submitted to this court with reference to a claim arising under subdivision 2 of section 205 of the General Municipal Law.

A recovery under the latter law is based upon an entirely different theory than that set forth in the cases above cited. In the first place, it contemplates that a volunteer fireman, in the performance of his duty and without fault of his own, if injured, can recover a fixed amount, provided he is permanently incapacitated for performing his full duties as fireman. The extent of his injuries is not taken into consideration by the statute.

The theory of the other type of cases above referred to is that the man by reasonable prudence should reduce the extent of his

injuries, and that he should not profit by his own neglect of himself. If this requires an operation, the courts have held that he should submit to the same, provided that a reasonably prudent man would do so.

Defendant's brief states: "If this court should hold that Gilbert is incapacitated, but not permanently so, and if claimant submits to an operation and such operation should fail to remedy the present situation, Town of Amherst would be the first to then concede that Gilbert suffers from a permanent injury."

Suppose petitioner did submit to an operation and, for some unforeseen reason, his injuries would be aggravated, neither this court nor any other court would have a right to compensate him for the aggravated damages caused by reason of the operation.

However, the question of reduction of the amount or aggravation of the amount does not enter into the present proceeding. The sole question is, was the petitioner, through no fault of his own, while attending a fire, injured to the extent that he is permanently incapacitated for performing his full duties as fireman.

Petitioner claims that he cannot ascend or descend a ladder without danger of his knee slipping and his falling therefrom; that he cannot go on a roof with reasonable safety and that in order to perform his full duties as fireman, he might at any time be called upon to do either. That being true, he cannot perform his full duties as a fireman.

Defendant also contends that petitioner should have filed a notice as required by section 67 of the Town Law, and that his failure to file the same precludes him from recovering in this proceeding.

Petitioner claims that in enacting section 67 of the Town Law, the Legislature did not expressly and in terms alter or amend section 205 of the General Municipal Law.

I agree with the petitioner in his contention. Section 67 of the Town Law provides, "No action shall be commenced upon such claim," etc. It contemplates an action at law commenced by some person or corporation having a claim against the town.

Section 205 of the General Municipal Law does not refer to an action in any manner whatever. It states, "Any controversy arising at any time under the provisions of this section shall be determined by the county judge of the county in which the volunteer fire company is located and of which such volunteer fireman is a member. For that purpose, any party may present a petition to such county judge, setting forth the facts and rights which are claimed."

I, therefore, find that the injuries from which petitioner is suffering are such as were contemplated by subdivision 2 of section 205 of the General Municipal Law, and that petitioner is entitled to recover as against the town of Amherst the sum of $1,500.

Let judgment be entered accordingly.