No. 14,352.

PACIFIC MUTUAL LIFE INSURANCE COMPANY *v.* MATZ.
(81 P. [2d] 775)

Decided July 11, 1938.

Mr. CASS M. HERRINGTON, for plaintiff in error.

Messrs. FOARD BROTHERS, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ACTION to recover certain monthly payments for disability under the terms of an insurance policy. Judgment entered in a sum not questioned as to amount.

June 8, 1930, the company issued to plaintiff in action its policy of insurance, whereby it agreed to pay him the stipulated monthly amounts in case he should become permanently totally disabled. In February, 1932, plaintiff alleges he suffered an injury resulting in permanent disa-

bility. At the close of plaintiff's case, the company informally contended that, in aid of recovery plaintiff should be required to submit to a surgical operation, which, seemingly, he had declined to undergo. The trial court suggested that inasmuch as the policy does not require plaintiff to submit thereto, he "may exercise his own judgment as to when" he will undergo such an operation. Thereupon the company offered formally to prove by two reputable physicians of its choosing, both recognized bone specialists of Denver, to the effect "that," as epitomized in its brief, "insured was suffering from osteomyelitis of the tibia of the left leg, that the indicated method of treatment and correction of said condition was an operation under anaesthetic to open and remove any diseased bone, thereafter keeping the wound open for drainage for a matter of time, after which time the wound would be closed and the condition healed; that both doctors would testify that the operation was recognized as the correct treatment for osteomyelitis; that the operation was not inherently dangerous to life or health; that the operation was not extremely painful if done under an anaesthetic; and that an operation offered better than a 90% chance of complete recovery." The offer was rejected, whereupon counsel for the company announced that he had "no proof to put on."

The question is, Must plaintiff, as a prerequisite to recovery on his policy, undergo a surgical operation, and risk the dangers involved and failure of relief? We are not of the view that the question should be answered in the affirmative. Counsel are agreed that the point has not been heretofore presented to a Colorado court of review. The cases from other jurisdictions are not wholly in accord; but mainly, as our study convinces, the holding is adverse to the company's position. The controlling provision of the policy reads: "Should the insured, * * * become permanently totally disabled, * * * the company, * * * will during the continuance of such disability, waive the payment of all future premiums required * * *, and

pay a monthly income of $75.00. Permanent total disability, as used herein, is defined to mean disability caused by accidental bodily injury or disease (Class 1) which totally and continuously prevents the insured * * *, from performing any work or engaging in any occupation or profession for wages or profit." There is no provision to the effect that one claiming under the provision quoted must first submit himself to a surgical operation in order to minimize his disability; nor does the policy purport to insure against only incurable disability. In *Roderick v. Metropolitan Life Ins. Co.*, 231 Mo. App. 852, 98 S. W. (2d) 983, where the problem here was presented, the court said: "That the policy does not purport to insure merely against incurable disability, but against total and permanent disability, whether curable or incurable, for so long as the disability continues within the limit fixed by the policy. Had defendant at the time of the issuance of its policy desired to limit its liability to incurable disability only, it would have had the right to have done so, but it did not do so, and we can only conclude therefore that the duty to submit to an operation was not within the contemplation of the parties when the contract was entered into.

"It may in all probability have been taken for granted by the parties that any person insured under the policy would, from motives of self-protection and self-preservation, obtain whatever medical or surgical treatment his particular case might reasonably require and his purse permit, but this matter was left open in the contract. It was a matter which the employees of the lead company were left to determine for themselves, and if, through apprehension, financial embarrassment, or for any other cause, an employee sustaining a disability otherwise compensable under the policy should determine not to submit himself to an operation in order to relieve against the disability, his refusal could avail defendant nothing, since he is under no contractual obligation to so submit and thereby incur expense and risk his life so that defendant

might be relieved of its liability to him under its policy.''
See, also, *Kordulak v. Prudential Ins. Co.*, 15 N. J. Misc.
242, 190 Atl. 325; cases reviewed in 86 A. L. R. 360; *Finkelstein v. Metropolitan Life Ins. Co.*, 270 N. Y. S. 598.
In the last case the court distinguishes between tort and
compensation cases and an insurance contract case, saying: ''This is an action under a policy of life insurance
and both parties are bound by the provisions of the policy. * * * Whatever may be the rule in actions for personal injuries and claims arising under the Workmen's
Compensation Acts, the rule in actions under a policy of
insurance would seem to be that, in the absence of any
stipulation in the policy requiring the insured to submit
to a surgical operation, the plaintiff is under no duty to
submit to an operation as a condition precedent to recovery under the terms of the policy. To hold otherwise
would be to incorporate into the policy a new provision
not therein contained and to impose upon the insured an
obligation not stipulated in the contract. The court is
powerless to make such a change in the policy and is
bound to enforce the contract as it is written.'' The company emphasizes *Cody v. Hancock Ins. Co.*, 111 W. Va.
518, 163 S. E. 4, but we are not in accord with the announcement there, mainly because the court supports its
opinion by tort and compensation cases which we regard
as fundamentally distinguishable.

We cannot think the situation warrants conclusion
other than as adjudged by the trial court. Let the judgment be affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE BAKKE and MR.
JUSTICE HOLLAND concur.