### STEWART v. HOME LIFE INS. CO. OF NEW YORK.
### No. 11116.

District Court, D. Colorado.

Oct. 20, 1939.

Haney & Jackson and Charles J. Simon, all of Colorado Springs, Colo., for plaintiff.

Wm. E. Hutton and J. P. Nordlund, both of Denver, Colo., for defendant.

SYMES, District Judge.

The parties have stipulated: that if under the facts set forth in the stipulation the plaintiff is totally and permanently disabled because of "The irrecoverable loss of sight in both eyes" under the total and permanent disability benefit provision of the policy (Ex. A), judgment may be entered for the plaintiff in accordance with his prayer—otherwise for the defendant.

The stipulation recites: At the time the complaint herein was filed the lens of the plaintiff's left eye had been removed by operative means because of a cataract which had developed in such lens. At the same time a cataract existed in the lens of the plaintiff's right eye, and subsequent to the filing of the complaint the lens of the right eye was likewise removed by operative means, and both eyes are now in the same condition. The lens of each eye cannot be replaced by natural lens under any practice or technique known to present medical science, and without the use of artificial lenses the plaintiff has no useful sight in an economic or industrial sense. By means of artificial lenses used externally in the same manner· as spectacles are used, the plaintiff can and does focus rays of light on the retina of his eyes, and has for the purpose of this case normal vision and is now engaged in an occupation for compensation and ·profit.

■ We have in mind during this discussion the rule: "It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of insured and strictly as against the company." 32 C.J., p. 1152, § 265.

Concededly plaintiff has irrevocably lost the sight of both eyes; was unable to see and disabled from earning his living. Does the fact that with the help of external and artificial means, i. e., the use of spectacles, plaintiff has useful sight, constitute a defense?

■ Sight is one of the five senses man is endowed with by nature, and it would seem that when the function of both eyes was destroyed by a natural cause, to wit, cataracts, a condition for which glasses afforded no help, that plaintiff's sight was permanently lost and defendant's liability became fixed. The lenses of both eyes were removed by an operation medically successful, but the function of the eye was not thereby restored and complete disability still continued. Thereafter, by the use of artificial lenses (spectacles), sight was artificially restored. But that would seem to be immaterial unless an insured can be required to submit to an operation as a condition precedent to recovery of disability benefits. That he cannot be is the holding in Pacific Mutual Life Ins. Co. v. Matz, 102 Colo. 587, 81 P.2d 775. There the policy of insurance provided monthly payments for permanent total disability. Plaintiff claimed to be permanently totally disabled as the result of an injury to the bone of his leg. At the trial the insurance company offered to prove by reputable medical testimony that an operation under anesthetics to open and remove the diseased bone, after which the wound would be closed and the condition healed, offered a better than a 90% chance of complete recovery. The offer was rejected, and on appeal the Supreme Court said the plaintiff was not required, as a prerequisite to recovery on his policy, to undergo a surgical operation and risk the dangers involved and possible failure of relief.

This policy insured in general terms against total and permanent disability and the insurer is liable for monthly benefits as long as that condition exists. Naturally the plaintiff availed himself of the best medical and surgical treatment with a good result, but that in no way affects the construction to be given the policy. Surgery is not an exact science, and it would be a harsh rule that required an insured to undergo the risks of a major, delicate operation, especially on the eye, as a condition precedent to fixing liability on the insurer. What would be his rights in the event of failure? Where would we draw the line? The plaintiff's eyes do not now function as nature intended, nor can it be said the use of glasses restores vision any more than an artificial leg replaces an amputated leg.

In another case, London Guarantee & Accident Co. v. Industrial Commission, 80 Colo. 162, 249 P. 642, the court held recovery could not be had under the Workmen's Compensation Act for injury to an artificial limb, because a personal injury means injury to the person; that a wooden leg is a man's property, not part of his person.

A much cited case is Mark Mfg. Co. v. Industrial Commission, 286 Ill. 620, 122 N.E. 84. The court held under the Workmen's Compensation Act, that an employee was entitled to compensation for the "total loss of use of hand," although there had not been a total severance, and with the aid of a mechanical appliance, or some substitute for the hand affixed to his wrist, he could perform some manual labor, stating: " 'it is enough that the normal use * * * has been taken entirely away.' "

Sight is defined in Webster as: (1) the power of seeing; the faculty of vision or of perceiving objects. (2) Act of seeing; perception of objects by the instrumentality of the eyes; view. To see is defined; to perceive with the eye; to have knowledge of the existence and apparent qualities of by the organs of sight; to examine with the eyes; to behold; view; observe; inspect. It does not depend on artificial aids.

Clearly the plaintiff has suffered irrevocable loss of sight within the definitions. He cannot by the instrumentality of his eyes discern objects, nor have knowledge of what is before him. His organs of sight do not function.

There are many cases arising under workmen's compensation acts, where the natural vision was accidentally destroyed and the question was: Should compensation be denied because for all practical purposes the vision was aided, if not practically restored by artificial means, i. e., glasses. These authorities are not in agreement.

The conflicting views are set out in one case from Texas, Travelers' Ins. Co. v. Richmond. The latter in the course of his employment, was injured by a pump throwing lye into his face and eye. The sight was destroyed for all practical purposes yet with the aid of glasses he had considerable vision. The Court of Civil Appeals, 284 S.W. 698, held, the natural vision being destroyed for all practical purposes, compensation would not be defeated because vision may be restored by artificial means. On appeal, however, the case was reversed, Tex.Com.App., 291 S. W. 1085. The court said; admittedly science affords means of use of a substantial portion of what otherwise is thought to be lost, and by artificial means used in the aid of nature, the sense of sight functions. Therefore the sight was not totally and permanently lost.

We prefer the view and reasoning of the lower court, but it is unnecessary to make a choice, as the case presents an entirely different question, to wit, whether under the statute of Texas, his usefulness or occupational opportunities were impaired. Did the injury in fact destroy or impair his ability to be as efficient or competent for work after injury as before?

In three other cases, Andronis v. Philadelphia & Reading Co. 280 Pa. 71, 124 A. 336; Juergens Bros. Co. v. Industrial Commission, 290 Ill. 420, 125 N.E. 337; Butch v. Shaver, 150 Minn. 94, 184 N.W. 572, 573, injuries to the eye were followed by operations, two for removal of cataracts as in our case, and a varying percentage of sight was restored by the use of artificial lenses. In each case the court held this factor did not forbid compensation, irrespective of the amount of improvement in vision due to artificial means.

"We hold that compensation so fixed and determined will not be diminished by reason of the fact that the disability may in a measure be overcome by artificial means." Butch v. Shaver, supra.

In a New Jersey case, Johannsen v. Union Iron Works, 97 N.J.L. 569, 117 A. 639, it was held that an employee suffering an injury to his eye and causing permanent impairment of the vision is entitled to compensation, although the vision can be rendered normal by the use of glasses.

To the contrary see Frings v. Pierce Arrow Motor Car Co., 182 App.Div. 445, 169 N.Y.S. 309, holding that where an employee lost the lens of an eye, but could see by the use of an artificial lens, there was no loss of use of the eye within the Workmen's Compensation Law. This the court said was on the theory that the New York law is not indemnity for loss of a member or physical impairment as such but compensation for disability to work, made on the basis of average weekly wages. Likewise Cline v. Studebaker Corp., 189 Mich. 514, 155 N.W. 519, 520, L.R.A.1916C, 1139, holds where a servant suffered only partial loss of his eye, which did not result in reduction of wages, he was entitled to only partial loss, and it was his duty to minimize the injury "by the use of such a common appliance as glasses." Moray v. Industrial Commission of Utah, 58 Utah 404, 199 P. 1023 is to the same effect.

■ Our case, however, requires the construction of the contract. What did the parties intend? The disability clause is designed to compensate the insured for the handicap he must labor under in the future, and this handicap exists irrespective of whether sight is restored in whole or in part by the use of glasses, especially if we bear in mind the uncertainty of the continued effectiveness of the artificial means. Devices such as glasses, artificial limbs, etc., are at the best a poor substitute, and uncertain and variable as to time and degree of effectiveness.

The defendant was the draftsman of the policy and in the absence of more explicit language we are not persuaded the insured would have taken the policy with notice of the construction the insurer now seeks to have placed upon this clause (Woolworth Co. v. Petersen, 10 Cir., 78 F.2d 47), which is, in effect; that a disabled insured must, as a condition precedent to recovery, turn himself over to the insurer's doctors for medical experimentation with no guarantee of results or provision for expenses or loss of time. Where should the line be drawn? We have seen Colorado holds to the contrary. Pacific Mutual Life Ins. Co. v. Matz, supra.

It must also be borne in mind the glasses afforded no relief from the blindness caused by the cataracts, until after plaintiff of his own volition and at his own expense underwent the operation.

■ I conclude plaintiff has suffered "The irrecoverable loss of sight in both eyes," even though artificial means affords sight.

Plaintiff may have judgment in accordance with the prayer of the complaint.