## HOME LIFE INS. CO. OF NEW YORK v. STEWART.

### No. 2068.

Circuit Court of Appeals, Tenth Circuit.

Sept. 3, 1940.

J. P. Nordlund, of Denver, Colo. (Wm. E. Hutton, of Denver, Colo., on the brief), for appellant.

Jno. T. Haney and Charles J. Simon, both of Colorado Springs, Colo., for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and MURRAH, District Judge.

BRATTON, Circuit Judge.

The policy of disability insurance sued upon contains this provision: "The irrecoverable loss of sight in both eyes or the total and permanent loss by accident or disease of the use of both hands, or both feet, or of one hand and one foot, shall constitute total and permanent disability within the meaning of this agreement without prejudice to any other cause of disability, and in any such case the benefits will accrue from the date of such disability, anything to the contrary hereinbefore notwithstanding; provided, however, that benefits shall not accrue more than six months prior to the date of receipt of such due proof."

The case was submitted to the trial court on stipulated facts. It was stipulated that prior to the filing of the complaint the lens in the left eye of plaintiff was removed by operative surgery because of a cataractous condition; that at the time the complaint was filed a cataract existed in the right eye and its lens was later removed in like manner; that for the purpose of the case the condition of both eyes should be considered as identical; that by reason of plaintiff's inability properly to get an exact focus on the retina of the eye as the result of the removal of the natural lens, vision in each eye was less than 20/400ths without the use of artificial lens; that by means of artificial lens used externally in the same manner that spectacles are used, plaintiff can and does focus rays of light on the retina of each eye with practically the same effect and result as through the medium of a normal, natural lens; that the word "sight", as used in the policy, means (for the purpose of this case) useful sight in the economic or industrial sense; that without the use of artificial lenses plaintiff has no useful sight in an economic or industrial sense, but with the use of such lenses he has (for the purpose of this case) normal vision; and that plaintiff has been able to engage and is engaging in an occupation for compensation or profit. The court concluded that plaintiff had suffered the irrecoverable loss of sight in both eyes within the meaning of the policy and rendered judgment in his favor.

It is well settled in Colorado that in case of doubt or ambiguity a contract of insurance is to be construed in favor of the insured and against the insurer. National Optical Co. v. United States Fidelity & Guaranty Co., 77 Colo. 130, 235 P. 343; Denton v. Prudential Ins. Co., 100 Colo. 293, 67 P.2d 77; Equitable Life Assurance Society v. Hemenover, 100 Colo. 231, 67 P.2d 80, 110 A.L.R. 1270. But that rule does not go to the extent of making a plain contract doubtful or ambiguous and then interpreting it in favor of the insured. Too, the natural and obvious meaning of the provisions in a contract is to be adopted in preference to a fanciful, curious or hidden meaning.

The provision of the policy in question does not insure against the loss of the lens or any other physical part of the eye. It insures against the loss of sight. The coverage is limited by the plain language of the contract to the loss of function, and does not embrace the loss of any part of the physical eye. And the loss must be irrecoverable. Through a cataractous condition the insured lost substantially all of the sight in both eyes. And it may be that under the law of Colorado he was not obligated to submit to surgery as a prerequisite to recovery upon the policy, Pacific Mutual Life Ins. Co. v. Matz, 102 Colo. 587, 81 P. 2d 775. But we do not explore that question because with commendable courage

he voluntarily underwent two operations for the removal of the lenses. He wears glasses, and it is stipulated that with their use he has normal vision. No case cited by the parties or discovered through our own research is squarely in point. But in Southland Life Ins. Co. v. Dunn, Tex.Civ. App., 71 S.W.2d 1103, recovery was sought upon a disability policy which provided that, without prejudice to any other cause of disability, the entire and irrecoverable loss of sight in both eyes would be considered as total and permanent disability. Due to a cataractous condition, plaintiff had suffered such impairment of sight in both eyes as to prevent him from performing the substantial duties of any occupation or labor, and his condition was permanent. But the undisputed evidence was that through removal of the cataracts by surgery, and the use of glasses, the restoration of normal or substantially normal vision could reasonably be expected. The court held that the loss of sight was not irrecoverable within the meaning of the policy, that instead it was wholly or partially recoverable, and that in either event recovery could not be had. That case seems to bear analogous application.

Plaintiff relies strongly upon two cases decided by the Supreme Court of Alabama. In Life & Casualty Ins. Co. v. Peacock, 220 Ala. 104, 124 So. 229, the policy provided for compensation for the loss by severance of both feet. Plaintiff lost the left foot, and the toes of the right, leaving it slightly more than seven inches in length and in such condition that she had reasonably good use of it, and walked upon it with little impediment, though she was aided by the use of a spring or brace in the shoe. The court said that a contract of insurance should be liberally construed, that the policy did not provide for the loss of the "entire" feet, or for indemnity only when severance was above the ankle, and that in the absence of such a provision the policy was not limited to the loss of an entire member but should be construed to cover the destruction of the usefulness of the member for the purpose for which in its normal condition it was susceptible of application; and recovery on the policy was sustained. In John Hancock Mut. Life Ins. Co. v. Schroder, 235 Ala. 655, 180 So. 327, provision was made for compensation for the entire and irrecoverable loss of the use of both feet. Plaintiff was in an airplane accident which resulted in permanent injuries to both feet. He was unable to balance himself without support, was unable to walk without the aid of two ordinary walking canes, or unless he held on to something, and with the aid of canes he could walk only for a block in good weather, but with great pain. He went to his place of business, called at times upon the trade, and performed some of his ordinary duties for his company. The medical testimony was that the feet by themselves were useless, that plaintiff would be better off if both feet were amputated and cork feet used, and that an operation might be helpful but would involve some danger. The court held that an insured had sustained the entire loss of use of his feet within the meaning of the policy if he had lost their use for all practical purposes, and that under the evidence the question whether plaintiff had suffered the entire and irrecoverable loss of his feet was for the jury; and judgment in his favor was sustained. But the loss of both feet or both legs and the use of cork or wooden substitutes, on one hand, and the loss of sight in both eyes resulting from a cataractous condition and its restoration through surgery and the use of glasses, on the other, cannot be regarded as closely akin in respect to disability. In general concept they are so widely apart that they do not bear any reasonable analogy. The difference is too plain to call for elaboration.

Glasses are worn by a substantial proportion of people of all ages. Many of them have very little vision in the natural eye, but with the use of glasses their vision is substantially normal for all practical purposes. They pursue their businesses and professions with success. They meet in competition those with normal vision in the natural eye, and they are not seriously handicapped. It cannot be said that they have suffered the irrecoverable loss of sight. Here it is stipulated that for the purpose of this case, the insured has normal vision when he wears glasses. A court cannot say in a single judicial breath that he has suffered the irrecoverable loss of his sight within the meaning of the policy and at the same time that he has normal vision. The two are so diametrically in conflict that they cannot be brought into parallelism. The provision in the contract embraces the loss of sight by atrophy of the optic nerve or in some other manner which is irrecoverable, but it cannot be reasonably construed to cover a case where

sight was lost but through surgery and the use of glasses normal vision is again enjoyed.

The judgment is reversed and the cause remanded.