**Lewis E. WALLACE, Plaintiff-Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.**

**No. 19008.**

United States Court of Appeals Sixth Circuit.

Sept. 16, 1969.

 

Donald S. Muir, Paducah, Ky., Robert B. Reed, Paducah, Ky., on brief, for appellant.

Earle T. Shoup, Paducah, Ky., for appellee.

Before O'SULLIVAN, PHILLIPS and PECK, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Lewis E. Wallace appeals from dismissal of his action against the Insurance Company of North America (hereinafter INA). The case was tried to a District Judge sitting in the United States District Court for the Western District of Kentucky.

INA issued to appellant an insurance policy which promised to pay him one-half the principal sum, or $12,500, for the "loss of one member". "Member" was defined to include "eye" and "loss" was defined, "with regard to eye, entire and irrecoverable loss of sight." On January 24, 1966, appellant was struck in the right eye by a foreign, metallic object which was removed with a giant magnet. A traumatic cataract, which developed in the eye, was extracted on January 28. The ophthalmologist who performed these operations, Dr. George Widener, and a second ophthalmologist, Dr. Harry Abell, Jr., deposed that appellant, without correction, could see out of the eye only about half as well as the normal eye can see under clear water. With correction consisting of a contact lens plus glasses to improve his focusing ability, appellant, after the operations, had 20/60 vision in the injured eye, meaning that he could see to eat and take care of himself and could read newspaper headlines, but not standard newsprint. Further examination by Dr. Widener on January 3, 1968 revealed that appellant's correctable vision in the injured eye had deteriorated to 20/80 because of the formation of a secondary cataract. Dr. Widener, however, recommended an operation called a "discission" which would result in a return to 20/20 correctable vision "provided we get no complications."

Appellant brought suit against INA to recover under his policy for loss of his eye. Kentucky law controls this case, which was removed to the District Court as a diversity action. The District Court dismissed the suit on the ground that Wallace's loss of sight was "entire" but not "irrecoverable".

We agree with the District Judge that appellant's loss of sight was "entire" but was not "irrecoverable," and affirm the judgment.

### 1. Whether the loss of sight was "entire".

■ We agree with the District Judge that, under Kentucky law, the entire loss of sight in one eye requires only the practical loss of the use of the eye. Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S.W.2d 1079 (1928); Standard Accident Ins. Co. of Detroit, Mich. v. Bailey, 235 Ky. 626, 633, 32 S.W.2d 5 (1930).

■ The appellant has lost the practical use of his right eye. Without correction, he could do little more than distinguish light and blurred objects. In cases cited by appellee wherein benefits were denied under similar policies, the plaintiffs enjoyed greater use of their injured eye than did Wallace. See, Starks v. Grand Lodge Bhd. of R.R. Trainmen, 259 Ky. 213, 82 S.W.2d 328 (1935); Bhd. of R.R. Trainmen v. Powers, 260 Ky. 810, 86 S.W.2d 1001 (1935).

The Tenth Circuit stated in Order of United Commercial Travelers v. Knorr, 112 F.2d 679, 682 (1940):

> "One has lost an eye when the eye is no longer of some practical value or benefit. It is not required that the last vestige of light be extinguished before it can be said that one has lost an eye."

### 2. Whether the loss of sight was "irrecoverable".

The loss of useful sight in appellant's right eye is permanent and can be recovered, if at all, only after an operation and by use of both glasses and a contact lens. Appellant argues that the Court must disregard the use of glasses or lenses in determining the recover-ability of his vision, citing Pargas Co. v. Hagan, 428 S.W.2d 779 (Ky.1968), wherein the Court upheld the Kentucky Workmen's Compensation Board which disregarded the use of eyeglasses or lenses in determining the amount of an award, under KRS § 342.105, for "the total and permanent loss of the sight of an eye."

We think that *Hagan* may be distinguished in that the Workmen's Compensation provision awards benefits for "total and permanent loss," and the insurance contract before us pays benefits only for "entire and irrecoverable loss." The words "total" and "entire" are synonymous, but "permanent" and "irrecoverable" are subject to different interpretations. "Permanent" is defined as "continuing or enduring without fundamental or marked change," while "irrecoverable" means "not capable of being recovered or rectified." *See,* Webster's Seventh New Collegiate Dictionary (1961). The latter, but not the former, implies that an attempt must be made to determine whether the allegedly "irrecoverable" item is "capable of being recovered." Appellant's loss of sight might well be "permanent" yet not "irrecoverable." *Hagan* should not be controlling.

We find no Kentucky case which interprets the word, "irrecoverable". This Court, however, in the early case of Pacific Mutual Life Ins. Co. v. Feldman, 99 F.2d 83 (1938), cert. denied, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037 (1939), considered the use of available corrective measures in determining whether one's sight was irrecoverable. The Court held that an insured had not suffered "the irrecoverable loss of the entire sight of both eyes" such that he was "totally and permanently unable to perform any work" within the meaning of his insurance policy where he had 93⅓ percent loss of vision in one eye and 80 percent loss in the other, but acquired normal vision after undergoing an operation on the weaker eye and being fitted with glasses.

In Home Life Ins. Co. of New York v. Stewart, 114 F.2d 516 (1940), the Tenth Circuit considered the same problem stating:

"Glasses are worn by a substantial proportion of people of all ages. Many of them have very little vision in the natural eye, but with the use of glasses their vision is substantially normal for all practical purposes. They pursue their businesses and professions with success. They meet in competition those with normal vision in the natural eye, and they are not seriously handicapped. It cannot be said that they have suffered the irrecoverable loss of sight. Here it is stipulated that for the purpose of this case, the insured has normal vision when he wears glasses. A court cannot say in a single judicial breath that he has suffered the irrecoverable loss of his sight within the meaning of the policy and at the same time that he has normal vision. The two are so diametrically in conflict that they cannot be brought into parallelism. The provision in the contract embraces the loss of sight by atrophy of the optic nerve or in some other manner which is irrecoverable, but it cannot be reasonably construed to cover a case where sight was lost but through surgery and the use of glasses normal vision is again enjoyed." 114 F.2d at 518.

*See also,* Southland Life Ins. Co. v. Dunn, 71 S.W.2d 1103 (Tex.Civ.App.1934); Reliable Life Ins. Co. v. Steptoe, 435 S.W.2d 630, 632 (Tex.Civ.App.1968).

 Appellant further argues that he need not attempt to recover his loss of sight by undergoing medical treatment or wearing glasses because Kentucky has not applied the "doctrine of minimizing damages" to insurance policies. Jefferson Standard Life Ins. Co. v. Hurt, 254 Ky. 603, 607, 72 S.W.2d 20 (1934). Kentucky law, however, does not prohibit the parties to an insurance policy from inserting the doctrine in the policy. *Hurt, supra,* at 608, 72 S.W. 2d 20. The word "irrecoverable" in the instant policy requires minimization of damages in that it implies that appellant make an attempt to determine whether his sight could be recovered by means of glasses or surgery. The District Judge, after hearing the medical and other testimony, concluded:

"This plaintiff can have the loss of sight in his right eye [the injured one] substantially if not completely restored by means of reasonably simple surgery and the use of artificial lenses."

As a finding of fact, we consider that the foregoing was not clearly erroneous. See Rule 52(a), Fed.R.Civ.P. We are of the opinion also that the District Judge made correct application of Kentucky law to whatever factual issues were presented.

Judgment affirmed.