# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2010

No. 09-31022
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM O. SCALLION, JR.,

Plaintiff–Appellant,

v.

HARTFORD LIFE & ACCIDENT INSURANCE CO.,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-2001

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Scallion appeals from the district court's grant of summary judgment in favor of Hartford Life and Accident Insurance Company (Hartford). For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31022

**I**

Scallion sustained an injury to his left eye when it was accidentally lacerated with a metal object.  He filed for disability benefits under two accidental death and dismemberment policies—one issued by Hartford through the AFL-CIO and another issued by Hartford through City Bank.  The plan issued by Hartford through the AFL-CIO is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, and gives Hartford full discretionary authority to construe the terms of the plan.  Hartford denied benefits under both plans on the ground that Scallion's vision loss was not irrecoverable.  Scallion sued, and the district court granted summary judgment in favor of Hartford as to its denial of benefits under both policies.

**II**

We review the grant of a motion for summary judgment de novo, applying the same standard as the district court.[1]  With regard to Scallion's claim under the City Bank plan, summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2]  As to the ERISA-governed plan, because the plan gives Hartford discretionary authority to construe its terms, we review Hartford's denial of benefits under the plan for abuse of discretion.[3]  But since Hartford was both the plan

---

[1] *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[3] *See Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 651-52 (5th Cir. 2009).

administrator and the insurer, we review its decision with "a modicum less deference than we otherwise would."[4]

Both plans provide dismemberment benefits only upon loss and define loss with regard to sight as an "entire and irrecoverable loss thereof." Hartford determined that Scallion had not suffered an irrecoverable loss of sight based on information provided by Dr. Nils Mungan, Scallion's treating physician, that Scallion's sight was recoverable through a corneal transplant. Mungan similarly testified in his deposition that Scallion's vision could be regained through surgery, and the district court relied on this evidence in granting summary judgment for Hartford on Scallion's claim under the City Bank plan.

Scallion argues that the contract is ambiguous and that Hartford failed to produce substantial evidence that his sight could be regained. Neither argument has merit. The contract states that the loss of sight must be "entire and irrecoverable." The term "irrecoverable" is unambiguous. This circuit and a number of other courts have concluded that sight is recoverable if it may be regained through surgery or other artificial means.[5] Further, all of the evidence in the administrative record and the district court record suggests that Scallion's sight could be recovered through surgery. Accordingly, the district court correctly concluded that Hartford did not abuse its discretion in denying Scallion benefits under the AFL-CIO plan and that Hartford was entitled to summary judgment on Scallion's claim under the City Bank plan.

---

[4] *Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 272 (5th Cir. 2007) (internal quotation marks omitted).

[5] *See, e.g., Fairley v. Prudential Ins. Co. of Am.*, 40 F.3d 385, 1994 WL 652577, at *3 (5th Cir. 1994) (unpublished table decision); *Rice v. Military Sales & Serv. Co.*, 621 F.2d 83, 87 (4th Cir. 1980); *Wallace v. Ins. Co. of N. Am.*, 415 F.2d 542, 545 (6th Cir. 1969); *Home Life Ins. Co. of N.Y. v. Stewart*, 114 F.2d 516, 518-19 (10th Cir. 1940).

No. 09-31022

\*      \*      \*

For the foregoing reasons, the district court's judgment is AFFIRMED.