**HINES, Director General of Railroads, v. FIRST GUARANTY STATE BANK OF AUBREY.  (No. 311-3638.)**

(Commission of Appeals of Texas, Section A. Oct. 4, 1922.)

**1. Carriers ⬠40—Must furnish cars suitable for protecting goods.**

A carrier must furnish such cars as will properly protect the goods that it contracts to transport.

**2. Appeal and error ⬠853—Holdings not assailed binding.**

Holding of trial court, under the evidence, that the shipment moved under a contract of shipment, not being assailed, is binding on appellate court.

**3. Carriers ⬠173—Under through contract, initial carrier has duty of protecting at destination.**

Where shipment moves under a through contract of shipment, the same duty as to care of shipment at destination devolves on the initial carrier as on the terminal carrier.

**4. Carriers ⬠142—Liable where keeping goods as warehouseman in leaky car at destination.**

Though bill of lading, gives carrier option of keeping goods in car as warehouseman, if not removed in certain time after notice of arrival at destination, it must not negligently keep them in a leaky car.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by the First Guaranty State Bank of Aubrey, substituted for the Aubrey Milling Company, against Walker D. Hines, Director General of Railroads, and others. Judgment against the named defendant was affirmed by the Court of Civil Appeals (228 S. W. 668), and he brings error. Affirmed.

Young & Stinchcomb and Riley Strickland, all of Longview, and J. A. Bulloch, of Tyler, for plaintiff in error.

Maynor, Ramey & Storey and E. P. Price, all of Tyler, for defendant in error.

RANDOLPH, J.   The Aubrey Milling Company brought this suit for damages, but assigned their cause of action to defendant in error, pending trial, and-judgment was rendered for defendant in error as substitute plaintiff against plaintiff in error, the initial carrier, and the other parties to the suit were given judgment in their favor. From this judgment appeal was taken, and the Court of Civil Appeals at Texarkana affirmed the case.   228 S. W. 668.

The Aubrey Milling Company shipped a carload of meal over the Texas & Pacific Railway Company as initial carrier, and the International & Great Northern Railway Company as connecting carrier, to one Fried-lander at Tyler, Tex.  It was claimed by defendant in error that the car furnished by the initial carrier was defectively roofed and leaky.  The car having arrived at Tyler, notice was given consignee of its arrival, and he neglected from March 19th to March 23d to remove the meal.  On the night of March 22d rain fell on the car, and when Friedlander opened it on the 23d of March he found a portion of the meal wet and soaked with water and fermented.  He rejected the shipment, and at once notified the consignors.

The Court of Civil Appeals, in affirming the judgment of the trial court, held as a matter of law that under the undisputed facts in the case Friedlander did not, within a reasonable time after notice given him of the arrival of the car, take the meal away, and that only the liability of a warehouseman attached to the initial carrier.  The trial court found that the initial carrier furnished a leaky car for the shipment of the meal, and that this was the proximate cause of the damage to the shipment, which finding is supported by the evidence.

[1] The law requires a carrier to furnish such cars as will properly protect the goods that it contracts to ship.

"The general rule is that a carrier must furnish proper and suitable cars for every kind of goods which it holds itself out as ready to transport.  If the carrier has been accustomed or has contracted to carry, or has held itself out as carrying, any particular class of goods, it must provide cars which are suitable for the carriage of such goods." 15 Ann. Cas. 144, note.

"In the fulfillment of its duty to provide safe and suitable cars for the transportation of the goods offered, the carrier must provide cars which will protect the goods from the elements, and no defect in the cars will excuse a carrier from liability on proof of injury to the goods." 10 C. J. 85, 86.

[2, 3] In this case the trial court found, under the evidence adduced, that the shipment in question moved under a through contract of shipment.  As this holding is not assailed by plaintiffs in error, it is binding upon us.  Under this holding the same duty devolved upon it as upon the terminal carrier with reference to the care of the shipment. The bill of lading contains these provisions:

"Sec. 5. Property not removed by the party entitled to receive it within 48 hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only, or may be, at the option of the carrier, removed to and stored in a public or licensed warehouse at the cost of the owner, and there held at the owner's risk and without liability on the part of the carrier, and subject to a lien for all freight

and other lawful charges, including a reasonable charge for storage.

"The carrier may make a reasonable charge for the detention of any vessel or car, or for the use of tracks after the car has been held 48 hours (exclusive of legal holidays) for loading or unloading, and may add such charge to all other charges hereunder and hold such property subject to a lien therefor. Nothing in this section shall be construed as lessening the time allowed by law or as setting aside any local rule affecting car service or storage."

[4] Under the provisions quoted the right was conferred upon the carrier to exercise its option, in the event the liability as a warehouseman arose, to keep the goods in a car or remove them to á depot or a public or licensed warehouse. In the exercise of this option, it retained them in the defective car. The right to do so was given it by the provision quoted; but, as it has performed its duty in a negligent manner, it ought to be compelled to respond in damages. For this reason the judgment of the trial court ought to be affirmed.

We have considered all the other assignments of error in the application for writ of error, and in our opinion they present no reversible error.

Defendant in error, plaintiff below, by appropriate allegations pleaded damage to the shipment after arrival of the car at Tyler; this pleading was adopted by intervener, and recovery had thereon.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.