**REFUGIO LUMBER CO. v. BAILEY.**

No. 11277.

Court of Civil Appeals of Texas.
San Antonio.

April 14, 1943.

Rehearing Denied June 9, 1943.

Hobart Huson, of Refugio, for appellant.

Vance & Vance, of Refugio, for appellee.

SMITH, Chief Justice.

Refugio Lumber Company, a corporation, brought this action against V. V. Bailey to require the latter to account for certain corporate funds alleged to have been unlawfully disbursed by himself, or by other employees with his knowledge and permission, during his term as Secretary-Treasurer of the Corporation, which office he is alleged to have vacated on June 5, 1939. This suit was instituted on July 1, 1942. The Lumber Company and Bailey will be referred to as plaintiff and defendant, respectively, as in the trial court.

Defendant interposed two special exceptions to plaintiff's petition, upon the ground that the petition showed plaintiff's cause of action was barred by the two-year and four-year statutes of limitations. The trial judge sustained both exceptions, which went to the whole of plaintiff's action. Plaintiff declined to amend, its suit was dismissed, and it has appealed.

Defendant did not by exception question plaintiff's right to recover if its asserted cause of action was not barred, and there-

fore the appeal is ruled by the question of limitations.

Plaintiff's suit was, in effect, for damages for defendant's breach of a fiduciary duty to account to plaintiff for corporate funds entrusted to him as treasurer and which it was alleged he permitted employees under him to wrongfully divert to other than corporate purposes. Plaintiff alleged in this connection that defendant was required to so account for said funds under the provisions of the written by-laws of the corporation in force when he accepted and assumed the office of treasurer, and throughout his term of office; and plaintiff contends here that since defendant's obligation was so expressed in those by-laws his default thereon created an indebtedness evidenced by or founded upon a contract in writing within the contemplation of the four-year statute of limitation, Art. 5527.

In its petition plaintiff further alleged: "That from January, 1934, to August, 1939, the defendant was the duly elected and qualified secretary and treasurer of plaintiff. That the said defendant accepted said offices and assumed the duties of the trust imposed thereby, which said acceptance is shown by the minutes in writing of said corporation signed by the defendant as secretary-treasurer of plaintiff."

■ Defendant has not seen fit to file any brief in the case, thereby putting the burden upon this Court to brief the case for him. Ordinarily, or if this were a fact case, this Court would give short shift to the defense, and assuming as true all the facts stated in plaintiff's brief, affirm the judgment if the facts assumed warranted affirmance. Rule 419, Texas Rules of Civil Procedure. But the case is one purely of law, determinable by the nature of the case made in plaintiff's petition, as properly set out in plaintiff's brief, and Rule 419 is of no avail here. The case is made difficult by confusion among early authorities.

After considerable research and much consideration, we have reached the firm conclusion that plaintiff's cause of action was barred in two years under § 4, Art. 5526, R.S. 1925, reading as follows:

"Art. 5526. 5687-98, 3354-63, 3203-12 Actions to be commenced in two years

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing. * * *" 3 Hildebrand, Tex. Corp. p. 82, § 203; Hatcher v. State, 125 Tex. 84, 81 S.W.2d 499, 98 A.L.R. 1213, reversing Tex.Civ.App., 52 S.W.2d 794; Rose v. First State Bank, 122 Tex. 298, 59 S.W.2d 810; Conrads v. Kasch, Tex.Civ.App., 26 S.W.2d 732, writ refused, 119 Tex. 449, 31 S.W.2d 630; Phillips v. Hail, Tex.Civ.App., 118 S.W. 190, writ refused; Bexar County v. Maverick, Tex.Civ.App., 159 S.W.2d 140, writ refused; Tarrant County v. Prichard, Tex.Civ.App., 89 S.W.2d 1028.

■■ The effect of the holdings in applicable cited cases is that the liability of public officials for negligently or fraudulently diverting and failing to account for public funds coming into their hands rests only upon statutes, and therefore suit arising thereunder, or suit on their official bonds to secure faithful performance of their statutory duties, is an action for indebtedness not evidenced by contract in writing, and is barred under § 4, of Art. 5526, the two-year statute. By necessary analogy, an action by a corporation to recover funds diverted by its officers, whose duty to account therefor is expressed only in the by-laws, is one for a debt not evidenced by a contract in writing, bringing it within the purview of § 4 of Art. 5526, which prohibits suit thereon after two years from the accrual of the cause of action. Conrads v. Kasch, supra. Under the authorities cited we hold that plaintiff's cause of action as alleged by it was barred by the two-year statute.

Plaintiff cites only two authorities which are deemed in point and do support his contention that the case is ruled by Art. 5529, R.S. 1925, as follows:

"Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

Those authorities are 11 Tex.Jur. p. 31, § 379, and Corsicana Nat. Bank v. Johnson, 251 U.S. 68, 40 S.Ct. 82, 64 L.Ed. 141. It was said in Tex.Jur. that "the statutory period of limitation for actions for the breach of the fiduciary duty of the officers of a corporation is four years." In support of the text Texas Jurisprudence cites Brooks v. Zorn, Tex.Civ.App., 24 S.W.2d 742, and Corsicana Nat. Bank v. Johnson, supra. Brooks v. Zorn is not deemed in

point, but Corsicana Nat. Bank v. Johnson is, and holds squarely, as plaintiff contends, that in such case as this Art. 5529, supra, a four-year statute, applies. It is therefore deemed in conflict with the holdings of the Texas Courts on the question. "But" as said in Hildebrand Tex. Corp., supra, "since the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, the decision of the Supreme Court of the United States is of very little importance as that court now follows the law as announced by the state court when the controversy arose."

It is true, as contended by plaintiff, that in such cases as this, where the alleged delinquent was a fiduciary and had control of and concealed from the corporation the evidences of his shortcomings, limitation would not begin to operate until the corporation knew or should have known of the fiduciary's wrongful acts. But this rule does not avail plaintiff in this case, since it alleges in effect that it discovered defendant's wrongful acts more than two years before commencing the suit. Therefore, by plaintiff's own allegations its suit was barred by the statute and the trial judge correctly sustained defendant's special exception to plaintiff's petition.

The judgment is affirmed.