**STRACENER v. STEELE.**

No. 14398.

Court of Civil Appeals of Texas. Dallas.

May 18, 1951.

508

Earl R. Parker, Dallas, for appellant.

Leland M. Johnson, Dallas, for appellee.

YOUNG, Justice.

This appeal is from an order sustaining a venue plea of appellee, thereby transferring to a District Court of Tarrant County a cause involving custody of the minor child, Juanita Cruse.

Appellant's original petition (filed Dec. 29, 1950) alleged that respondent (appellee) was a resident of Dallas County; that the child in question had been born April 27, 1945 during the marriage of respondent and Louis Cruse, the parties being later divorced; that appellee, the mother, then married Cicero Steele, the couple later separating with action for divorce now pending; that two or three years ago said Georgia Belle Steele had given the child to petitioner, transferring and relinquishing all parental rights, which action was acquiesced in by the father, Louis Cruse; appellant having since had the entire care, custody and control, the mother contributing nothing to the child's support.

It appears that earlier in December 1950, appellee had retaken custody of the minor, as petitioner avers, by "artifice, subterfuge, and over the protest of relator,"—removing it to a place unknown; the application for writ of habeas corpus further alleging "that the child is well adjusted to the home of relator and, except for the care, attention and maintenance given to her by relator, she is a dependent child; and that, under the circumstances, the best interests of the child will be served by returning her to the care and custody of relator."

Appellee duly filed plea of privilege claiming residence in the City of Fort Worth, Tarrant County, where, according to the testimony, she had moved, along with said child, some six weeks prior to the hearing. Appellant, in controverting affidavit, alleged as basis of venue, exception 1 of Art. 1995, Vernon's Ann.Civ.St., providing in full: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: 1. Married Women.—A married woman may be sued in the county in which her husband has his domicile." In this connection, it is stipulated that the residence of appellee's present husband, Cicero Steele, was in Dallas County where his suit for divorce against Georgia Belle Steele was still pending. Appellant here urges as a principal point, the trial court's error in failure to overrule the venue plea in view of above exception.

Appellee has not seen fit to file brief on appeal; however, the issue presented being one of law, Rule 419, Texas Civil Procedure, will not be strictly applied. Refugio Lumber Co. v. Bailey, Tex.Civ. App., 172 S.W.2d 133 (writ ref.); Lane v. Mangum, Tex.Civ.App., 203 S.W.2d 945. Obviously, as ground for sustaining aforesaid plea, the learned trial court has followed the rule, now settled, that proper venue of suits to re-litigate and readjudicate the custody of minors follows the place of residence of the defendant where, as here, no exception to the general venue statute appears. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601. As new and independent actions, the general provisions of Art. 1995 were held applicable thereto that, exclusive of the exceptions there enumerated, "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile * * *." Then follows the provisions of exception 1 relating to

married women already quoted. As the foregoing subdivision clearly implies, a married woman may have a domicile different to that of her husband; and, if so, suit may be brought against her at either place.

■ It follows that the court erred in sustaining such plea in face of the exception here interposed. The fact that the parties are separated, with divorce suit pending, in our opinion would not alter the situation or render inoperative the provisions of exception 1. In Roberson v. Hunt, Tex.Civ.App., 179 S.W.2d 315, the wife was held properly joined in a suit against a resident of Travis County (whose plea of privilege was sustained) and the husband at the latter's residence; and her plea of privilege to be sued in Colorado County (place of residence) was overruled, where, despite the fact that her petition for divorce had been granted, an appeal at the instance of the husband was still pending.

Accordingly, judgment of the trial court sustaining the plea of privilege is set aside and vacated, and judgment is here rendered overruling said plea; and this judgment will be certified to the trial court for observance.

Reversed and judgment vacated.