## TRAIL v. KAUFMAN COUNTY.

### No. 14795.

Court of Civil Appeals of Texas.

Dallas.

April 2, 1954.

Ross Huffmaster, Kaufman, for appellant.

Fred W. Bankhead and Robert K. Ramsey, Kaufman, for appellee.

PER CURIAM.

The suit in trial court was against defendant as a body corporate, through its County Judge and the Commissioners, for a balance of $1,000 allegedly long past due on an award of Special Commissioners, in condemnation proceedings; more particularly involving a construction of that part of the award whereby plaintiff was to be paid $1,000 as per its recitals and as contained in the judgment confirming same, rendered by the County Court, Kaufman County, August 4, 1950. There was no objection to, or appeal from said award. Upon hearing of the cause in District Court and a finding "that the plaintiff stated no cause of action," it was ordered that plaintiff "take nothing"; followed by this appeal.

In 1950 the State Highway Department in conjunction with the Commissioners' Court of Kaufman County began the reconstruction of Highway 175 from Brushy Creek through Crandall to the Dallas County line; the project to cross the Trail 500 acres of land. Special Commissioners were appointed to assess the damages resulting by reason of condemnation and taking of right-of-way; their award carrying the following recitals: " * * * we assess said damages in the sum of One Hundred Twenty-Five ($125.00) Dollars per acre for the 18.02 acres of land taken, or sum of Two Thousand, Two Hundred Fifty-Two and fifty One Hundredths ($2252.50) Dollars, plus the sum of Fifty Dollars ($50.00) per, acre for the 18.02 acres taken as damages to the remainder of the land belonging to the Defendant not being taken, or the sum of Nine Hundred One ($901) Dollars, or a total of Three Thousand One Hundred Fifty-Three and fifty One Hundredths ($3153.50) Dollars to be paid now to Scott H. Trail and wife, Essie Lee Beckworth Trail, plus the sum of One Thousand ($1,000.00) Dollars damages to be paid to Scott H. Trail and wife, Essie Lee Beckworth Trail, after said proposed new Highway No. U. S. 175 shall be completed if the Texas Highway Commission has not incorporated in the plans for said Highway and caused to be constructed a suitable and usable cattle underpass at approximately Station No. 476 plus 60. * * *" Judgment of the County Court pursuant to said award, provided as follows: "It is therefore ordered, adjudged and decreed by the court that the Commissioners' Court of Kaufman County, Texas, on behalf of the State of Texas, pay to Scott H. Trail and wife, Essie Lee Beckworth Trail, Three Thousand One Hundred Fifty-Three and fifty One Hundredths ($3153.50) Dollars now, plus the sum of One Thousand Dollars after said proposed new Highway No. U. S. 175 shall be completed if the Texas Highway Commission has not incorporated in the plans

for said highway and caused to be constructed a suitable and usable cattle underpass at approximately station No. 476 plus 60 and that the Commissioners' Court of Kaufman County, Texas, acting in the behalf of the State of Texas, pay to John Hancock Mutual Life Insurance Company Nothing, and that such payment be, and it is hereby adjudged to be full compensation for the fee simple title to the hereinafter described property; and * * *."

The above award was evidently consummated prior to the drawing of plans for that section of new two-lane Highway 175; W. A. Harper, resident engineer, testifying that a cattle underpass connecting the Trail lands had been omitted, even from the initial drawings; it not being the intention of the Highway Department to put an underpass there; that said plans and specifications were finally approved about April 1, 1953; construction contract awarded to R. W. McKinney who was in midst of performance, beginning in May, completion to be within 230 working days; that grading and structures had been completed through plaintiff's property; estimating that such part of the road would be finished "in the spring or early summer of 1954." The Special Commissioners testified to no definite agreement as to when the $1,000 item would be paid. Messrs. Saulter and Clayton stating the sense of their agreement to be that the sum would be payable in event plans and specifications failed to include the underpass. However they signed the award as written. Testimony of plaintiff Trail was to the effect that he would abide by whatever award that might be agreed upon.

■ Defendant pled by way of answer: "* * * that Kaufman County is supposed to pay plaintiff, Scott Trail, the sum of $1,000.00 under the Commissioners findings in the Condemnation suit set forth in plaintiff's petition but defendant believes such contract is not completed; that the contract provides for the payment of this money after the Highway is completed in the event the Highway Department does not construct a culvert that can be used by plaintiff for cattle to pass through and defendant would show that said Highway is not completed and will not be completed for several months yet and said sum of money is not due until completion of said Highway." The County has not seen fit to file reply brief herein; Rule 419, Texas Rules of Civil Procedure, becoming applicable that unchallenged statements of appellant are thereby to be accepted as true. But the Rule is of no particular consequence when the issue presented is one of law. Stracener v. Steele, Tex.Civ.App., 240 S.W.2d 507.

■ Appellant's point of appeal will be stated: "This cause should be reversed and rendered because the undisputed facts show plaintiff is entitled to a mandamus requiring Kaufman County to pay the $1,000 damages awarded to plaintiff by the award of the Special Commissioners and the judgment rendered thereon"; which proposition is preceded by the following statement in part of the "Nature and Result of the Suit": "Plaintiff alleged that the award of $1,000.00 for damages to his land was due and payable because the Texas Highway Commission in drawing its plans for the construction of U. S. Highway 175, did not incorporate therein any provision for a usable cattle underpass and did not intend to do so; that the Highway Commission did not construct said underpass and did not intend to construct same, and said Highway 175 is completed through plaintiff's land with the exception of the rock and topping; and prayed that the court mandamus the County Commissioners' Court and require the County to pay said award. The County answered by general denial and pled that the $1,000.00 damages awarded to plaintiff was not due until said U. S. Highway 175 was completed, and that said Highway had not been completed and would not be for some time."

Otherwise stated, it is appellant's contention that when the State Highway plans and specifications failed to provide for a usable cattle pass through plaintiff's lands, with no such undertaking even intended, the

$1,000 award of damages became due. The reasoning might well apply to an award ambiguous with respect to its time of payment. For, if there be room for interpretation, the failure of one alternative under the contract would ordinarily mature the other. However, in the case at hand, when both award and judgment provided unequivocally for time of payment, we, in turn, have no alternative other than to require an enforcement according to their terms. Petitioner's action for relief by way of mandamus being manifestly premature, the judgment complained of must be affirmed; without prejudice, however, to a renewal of the proceedings upon maturity of award.