**GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**J. Dorsey ADAMS, Appellee.**

No. 16144.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 4, 1960.

Rehearing Denied Nov. 18, 1960.

L. Clifford Davis, Fort Worth, and W. J. Durham, Dallas, for appellant.

Ernest May, Fort Worth, for appellee.

MASSEY, Chief Justice.

J. Dorsey Adams, hereinafter termed plaintiff, brought suit against Golden State Mutual Life Insurance Company, hereinafter termed the Company, for judgment in the amount of $438. Entitlement to receive said amount was, by the terms of a written assignment executed by Willie Thomas, vested in Boyd & Son Funeral Home and plaintiff. Through a transaction between plaintiff and Dumas Boyd, operator of Boyd & Son Funeral Home along with his son as a partner, plaintiff received full right, title and interest in and to said $438. The assignment was of a portion of the whole of insurance benefits which, except for the assignment, would have been paya-

ble to Willie Thomas. Her own entitlement arose as the result of the death of her husband, Virgil Thomas, an insured of the Company.

The assignment was delivered to the Company's authorized representative, who promised to honor the same, and also agreed that the Company check in payment would be delivered to plaintiff "and not otherwise." A check of the Company was received by said representative, in the amount of $438, made payable to Boyd & Son Funeral Home. Plaintiff's name did not appear on the check. The representative notified the office of plaintiff, but not Boyd. Before plaintiff called upon the representative, Boyd appeared and prevailed upon the representative to deliver the check to him. This was found by the court to have occurred without plaintiff's consent and without any knowledge on the part of the plaintiff. By the time plaintiff became acquainted with the development, Boyd had negotiated the check to an innocent holder.

Plaintiff brought suit, as the sole owner of the assigned $438, against the Company. The Company filed a plea in abatement because Boyd, or Boyd & Son Funeral Home, was not made a party. The plea was "carried along" in the process of a trial on the merits before the court, without a jury, after which it was overruled. Judgment was rendered in behalf of plaintiff and against the Company for $438. The Company appealed.

Judgment affirmed.

■ The Company's contention that reversible error is in the case because of the overruling of its plea in abatement is without merit for a variety of reasons. In the first place, Boyd was not an indispensable party. Hollar v. Jowers, 1958, Tex.Civ.App. Eastland, 1958, 310 S.W.2d 721, writ refused, n. r. e. The court heard all the testimony before deciding that the plea in abatement should be overruled. During the course of the hearing the Company tendered Boyd as its own witness and

Boyd testified that as of the very time he received the $438 it was money owed by him to plaintiff and which he had promised to pay. Nonjoinder by plaintiff was therefore harmless error in so far as the Company was concerned. 32 Tex.Jur., p. 141, "Parties", sec. 99, "Harmless Error"; 1 Tex.Jur.2d, p. 111, "Abatement and Revival", sec. 102 (1 Tex.Jur., p. 189, sec. 138), "Necessity for prejudicial error". Actually, under the circumstances it was the obligation of the Company, if it desired the presence of Boyd as a party, to bring him in by affirmative action on its own part, or to protect itself by means of appropriate pleading.

■ The Company is in error in considering that the assignment showed on its face that the plaintiff's interest and Boyd's interest in the assignment were equal (50% as to each). No such statement appeared thereon and the only matter which did appear was that they were joint assignees as of the time of the assignment. Such does not evidence ownership of the amount assigned in any percentage. Even had it done so, plaintiff and Boyd were free to buy and sell their interests therein between the time of the assignment and the time of payment, a matter of no concern to the Company. The Company's concern should have been only that upon payment its entire liability be released and that it not be subsequently exposed to any further claim by either assignee.

The Company's objection to the receipt in evidence of the assignment in question was premised upon the contention that since it named another person, etc., as assignee along with the plaintiff it was inadmissible because that person, etc., was not named as a party to the suit. The contention is overruled for the reasons heretofore discussed.

■ To discuss the Company's points of error Nos. 4 to 6, inclusive, and No. 9 would unduly lengthen this opinion. They are related to the contention that the facts found by the court (as the finder of fact) support a different cause of action from

that plead and proved by plaintiff, found facts not within the pleadings as a support for the plaintiff's judgment, and that the probative evidence in the record does not support the cause of action pleaded. It may be true, as is undoubtedly the opinion of counsel, that the wrong reasons for plaintiff's judgment were assigned in the "Conclusions of law" filed by the court, but certainly the judgment was correct in view of the court's "Findings of fact". If there is any theory on which an appeals court can affirm a judgment, it has the duty to do so. 4 Tex.Jur.2d., p. 333, "Appeal and Error— Civil", sec. 806 (3–B Tex.Jur., p. 376, sec. 913) (see also 4 Tex.Jur.2d, p. 627, sec. 956, and 3–B Tex.Jur., p. 715, sec. 1056), "Findings, conclusions, and judgment of court"; Texas Digest, Appeal & Error, "Review of correct decision based on erroneous reasoning * * *."

█ Under the Company's points of error Nos. 7, 8 and 10, complaint is made that the trial court erred in overruling its special exceptions. Our search of the Company's original and reply briefs disclose that the points were not briefed, the Company having contented itself with the statement, "We think the error is so apparent from a reading of the pleadings and special exceptions that the citing of authorities to sustain Appellant's proposition is unnecessary." We perceive no fundamental error. Therefore, these points of error will be treated as waived as the result of the Company's failure to brief them. Texas Rules of Civil Procedure, rule 418.

The remainder of the points of error relate to the refusal on the part of the trial court to file other and additional findings of fact and conclusions of law after it had once filed findings and conclusions. The Company desired that the court find that plaintiff and Boyd were engaged in a joint venture in the burial of the body of Virgil Thomas and that after Willie Thomas first signed the assignment to Boyd it was altered without her authority and consent to add the plaintiff as an additional assignee. The Company desired that the trial court conclude as a matter of law that the addition of plaintiff's name to the assignment constituted a material alteration thereof, and that the contract between Willie Thomas, plaintiff, and Boyd was a void and illegal contract for the burial of the body of Virgil Thomas, plaintiff having no license authorizing any such action on his part. The Company also desired that the trial court find that plaintiff first sought to collect his interest in the $438 from Boyd and that he was estopped in the suit against the Company by reason thereof and by reason of his having remained silent after learning that his name was not on the Company's check.

█ We see no error in the trial court's refusal to make the additional findings and conclusions. It is not necessary that a trial court make specific findings on every controverted fact, but ultimate and controlling issues only need be found. This we believe to have been done in the findings and conclusions filed. Most of these disposed, directly or indirectly, of the matters as to which the Company desired additional findings. Others constitute matter which would have availed the Company naught even if found. An example of the latter would be as to the illegality of the Thomas burial contract wherein the defense of illegality could only have been material in an action between the parties to that contract. Another would be the matter of the alteration of the assignment by adding plaintiff's name without the knowledge of Mrs. Thomas, wherein no prejudice could be said to have inured to the Company.

Judgment is affirmed.

BOYD, J., not participating.