Travis BECK, Appellant,

v.

Robert L. SOUTH, Appellee.

No. 16870.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 29, 1967.

Rehearing Denied Jan. 26, 1968.

Walter S. Fortney and Richard Owens, Fort Worth, for appellant.

Jones & Morris, and Herman I. Morris, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a suit for specific performance on a written contract for the sale of real property. The case was tried to the court without a jury and a take nothing judgment was entered against the plaintiff who has perfected this appeal.

By a single point of error the plaintiff contends that the court erred in holding that he was not ready, willing and able to perform pursuant to the terms of the contract in question.

The terms of the contract pertinent to this appeal are the purchase price of $3,500 cash, of which $50 was paid by way of earnest money, and an agreement to consummate the sale within ten days from the date the title company approved title. The record reflects that under questioning by the court the plaintiff, who was named as purchaser in the contract, did not have the cash to close the transaction within the period designated.

■ This Court, in reviewing the action of the trial court, is required to test it under the rule that if, discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

"In a nonjury case, the trial court is the judge of the credibility of witnesses and the weight to be given their testimony, and findings of the court are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. * * *

"Where there is probative evidence to support the findings and judgment, they are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. * *" 4 Tex.Jur.2d 398, § 839. See also Denton v. Bennett, 364 S.W.2d 857, 858 (Tex.Civ. App., 1963, refused n.r.e.).

■ The point of error is overruled and the judgment of the trial court is affirmed.