**William R. CURTIS, Appellant,**

v.

**The NATIONAL CASH REGISTER CO.,**
Appellee.

**No. 7849.**

Court of Civil Appeals of Texas.

Amarillo.

May 20, 1968.

Rehearing Denied June 17, 1968.

Simpson, Adkins, Fullingim & Hankins and Michael C. Musick, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, and Jon T. Oden, Amarillo, for appellee.

NORTHCUTT, Justice.

The National Cash Register Co., hereinafter referred to as appellee, brought this suit against William R. Curtis, hereinafter referred to as appellant, to recover the sum of $2,468.40 due under a contract for rental of personal property. It is appellee's contention that the lease was for a period of 12 months and that appellant retained the machine for the 12 months but failed to pay for the last four months. It was appellant's contention that the lease was for a month-to-month lease and that he had

the right to cancel the lease at any time and that he orally notified appellee to pick up the machine covered by the lease. Appellant agrees that if the lease was for 12 months as contended by appellee that he owed the $2,468.40 to appellee as found by the trial court, but that if the lease was for month-to-month as contended by appellant then all rents that accrued under the contract had been paid and he owed nothing.

The case was tried to the court without a jury. At the request of appellant, the trial judge filed the following findings of fact and conclusions of law:

### "FINDINGS OF FACT

1. On December 30, 1965, Plaintiff and Defendant entered into a conditional sales contract referred to in this trial as Plaintiff's Exhibit 1.

2. Pursuant to the contract dated December 30, 1965, Plaintiff delivered to Defendant one NCR 395 accounting machine on December 30, 1965.

3. On May 11, 1966, Plaintiff and Defendant executed an equipment rental contract referred to in this trial as Plaintiff's Exhibit 2.

4. On May 11, 1966, Plaintiff and Defendant agreed to substitute the equipment rental contract (Plaintiff's Exhibit 2) for the conditional sales contract (Plaintiff's Exhibit 1.)

5. Plaintiff and Defendant did not verbally agree to make the equipment rental contract a month-to-month contract.

6. Plaintiff and Defendant agreed the equipment rental contract would have a primary term of twelve months.

7. Plaintiff and Defendant agreed that the $2,399.20 down payment would be applied as a credit to Defendant on the equipment rental contract in payment of the rental payments for the months and in the amounts indicated as follows:

| | |
|---|---|
| February 1, to March 1, 1966 | $617.10 |
| March 1, to April 1, 1966 | 617.10 |
| April 1, to May 1, 1966 | 617.10 |
| May 1, to June 1, 1966 | 547.90 |
| TOTAL ......................... | $2,399.20 |

8. Plaintiff made payments under the equipment rental contract which Defendant credited to his account as follows:

| | |
|---|---|
| January 3, 1966 | $2,399.20 |
| April 1, 1966 | 730.00 |
| September 23, 1966 | 573.40 |
| October 31, 1966 | 1,234.20 |
| TOTAL ......................... | $4,936.80 |

9. Defendant made no other payments on said equipment rental contract than those listed in the above findings of fact.

10. Defendant made no payments under the equipment rental contract for the months of October, November and December of 1966 and January, 1967.

11. The total rental for twelve months under the equipment rental contract was $7,405.20.

12. Defendant paid, under the equipment rental contract, a total of $4,936.80.

13. The difference between twelve months' rental and the amount Defendant paid is $2,468.40.

14. Plaintiff and Defendant did not agree in writing to cancel, revoke or modify the equipment rental contract.

15. Plaintiff and Defendant did not agree to terminate the equipment rental contract prior to January 13, 1967 except upon Defendant's renting from Plaintiff an electronic data processing machine.

16. Defendant did not rent from Plaintiff an electronic data processing machine.

17. The NCR 395 machine, rented under the terms of the equipment rental contract, was in the possession of Defendant from December 30, 1965, until January 13, 1967.

18. The NCR 395 machine was being operated and used by Defendant as late as December of 1966.

## CONCLUSIONS OF LAW

1. The equipment rental contract, Plaintiff's Exhibit 2, is not ambiguous.

2. The term of the equipment rental contract, Plaintiff's Exhibit 2, was twelve (12) months.

3. Defendant did not effectively cancel, revoke, modify or terminate the equipment rental contract, Plaintiff's Exhibit 2.

4. The equipment rental contract, Plaintiff's Exhibit 2, was binding on Plaintiff and Defendant until January 13, 1967.

5. Defendant is liable under the equipment rental contract, Plaintiff's Exhibit 2, to Plaintiff in the liquidated amount of $2,468.40.

6. Plaintiff is entitled to judgment against Defendant in the amount of $2,468.40, together with interest from date of judgment until paid at the rate of six per cent (6%) per annum, together with all costs of suit."

Appellant presents this appeal upon three points of error contending the court erred in entering judgment for appellee because the judgment is dependent on findings of facts Nos. 5 and 6 and that there is no evidence to support such findings; that there is insufficient evidence to support such findings and that such findings are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

■ The appellant did not in any manner dispute or challenge the finding No. 17 of the trial court where the court found "The NCR 395 machine, rented under the terms of the equipment rental contract, was in the possession of Defendant from December 30, 1965, until January 13, 1967." The lease here involved provided that lessee had the right to terminate the contract on 90 days written notice to NCR provided lessee had or would have by the effective date of such notice paid not less than 12 months total monthly rent. No written notice was ever given and it is undisputed that appellant retained the machine as found by the court and did not pay for the four months rent as contended. Where the trial court's findings are not challenged on any point of the appeal, they are binding upon the parties and must be accepted by the Court of Civil Appeals. McKenzie v. Carte, 385 S.W.2d 520 (n. r. e.); Thompson v. Larry Lightner, Inc., Tex.Civ.App., 230 S.W.2d 831 (n. r. e.); Curry v. E. E. Stone Lumber Co., Tex. Civ.App., 218 S.W.2d 293 (n. r. e.); Nathan v. Hudson, Tex.Civ.App., 376 S.W.2d 856 (n. r. e.).

■ Appellant retained possession of the machine under the contract for the period as contended by appellee without paying for the last four months he retained possession thereof. Therefore, he was liable for rent while retaining possession. Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W. 2d 921 (writ dism'd); Alice Pipe and Supply Co. v. Harroun, Tex.Civ.App., 195 S.W.2d 852 (n. r. e.).

■ The lease contract begins with "Lessee agrees to rent from NCR for term of ——— year(s) the equipment immediately herein below described." As to the right of appellant to cancel the lease, the lease further provided that the lessee could terminate the contract on 90 days prior written notice to NCR provided the lessee had paid 12 months total monthly rent. This evidence alone would justify the findings of the trial court that the contract was for a period of 12 months and there was other evidence to that same effect, and it is undisputed that appellant retained the equipment for the full 12 months. Appellant's points of error are overruled. Judgment of the trial court is affirmed.