The **RELIABLE LIFE INSURANCE COMPANY, Appellant,**

v.

**C. B. STEPTOE, Appellee.**

**No. 390.**

Court of Civil Appeals of Texas.
Tyler.

Dec. 5, 1968.

Eldred Smith, Longview, for appellant.

K. Baker, Carthage, for appellee.

DUNAGAN, Chief Justice.

This suit was instituted in the District Court of Panola County, Texas, by C. B. Steptoe, appellee, against The Reliable Life Insurance Company, appellant, seeking to recover for the loss of the sight of an eye under two insurance policies issued by appellant, together with attorney's fees and statutory penalties. The case was submitted to the trial court on an agreed "Stipulation of Facts," and the trial court rendered judgment against the appellant in the sum of $1,700.00 for the loss of sight of appellee's left eye, plus statutory interest, penalties and attorney's fees.

On July 6, 1959, appellant issued to appellee two industrial accident policies of insurance providing for certain scheduled benefits for loss of life, limb, and sight resulting from bodily injuries effected through accidental means. The relevant portion of the specific dismemberment benefit provision of the policies provided that if the insured should suffer the loss of one eye, the insurer would pay the amount specified in the schedule. The policies contained the following definition: "The loss of an eye or eyes means the complete and irrecoverable loss of the sight thereof." On December 11, 1966, appellee accidentally sustained injury to his left eye and claims benefits under the policies for the loss of sight of the eye.

According to the Stipulation of the parties, appellee has at present lost the use and sight of his left eye for all practical purposes. Such loss of sight is permanent, unless a successful operation is performed and provided there is no further damage behind the eye or to the retina. The only medical testimony presented upon the trial was that of Dr. C. W. Peyton, an ophthalmologist, whose deposition forms a part of the record. According to him, appellee sustained an injury to the cornea of the left eye, which indicated that a perforation had occurred and that there had been damage to the lens of the left eye, resulting in the formation of a cataract. It was the doctor's opinion that the perforation caused the formation of a cataract, which greatly reduced vision. In an advanced stage, the vision would be limited to light reception and possibly vague hand motions. In short, for all practical purposes, at least at that time, appellee had lost the vision of his left eye. The doctor further testified that such condition would be permanent unless the cataract was removed. However, he was of the opinion that an operation could be performed upon the eye which, if successful, would restore the sight of the eye, provided there was no damage to the retina. If he submitted to the operation, appellee would have between 75% and 90% chance of regaining useful vision in the eye. It was his opinion that the loss of vision as it then existed was not irrecoverable.

Appellant brings forward two points of error: first, the trial court erred in holding, under the record, that the loss of sight of appellee's eye was "complete and irrecoverable" within the meaning of the policy provisions; and, second, the trial court erred in rendering judgment against appellant for the twelve per cent (12%) penalty under Art. 3.62, Texas Ann.Civ. Statutes, Insurance Code, and for attorney's fees. It is unnecessary to pass upon the second point of error inasmuch as the questions presented thereunder, in all probability, will not arise upon a retrial of this case.

Simply stated, it is appellant's position that since the evidence shows that by means of an eye operation useful vision of appellee's eye might be recovered, there is no "complete and irrecoverable" loss of vision within the meaning of the policy provisions. Appellee, on the other hand, asserts that he should not be required to submit to surgery

to determine whether his vision might be completely or partially restored and since he, at the present time, has no useful vision in the eye, liability attaches under the policies.

■ It is a well established rule that contracts of insurance should be construed more strictly against the insurer and more liberally in favor of the insured. Providence Washington Ins. Co. v. Proffitt et al., 150 Tex. 207, 239 S.W.2d 379 (1951); Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953). However, it is equally well established that where the language in an insurance policy is plain and unambiguous, the courts must enforce the contract as made by the parties. Republic National Life Insurance Company v. Spillars, 368 S.W.2d 92, 5 A.L.R.3d 957; Travelers Insurance Company v. Newsom, 352 S.W.2d 888 (Tex.Civ.App., Amarillo, 1962, n. r. e.); and Minnesota Mut. Life Ins. Co. v. Newman, 157 S.W.2d 667 (Tex.Civ.App., Fort Worth, 1941, err. ref., w. m.).

■ Words and phrases used in a contract will be accorded their ordinary, popular, and commonly accepted meaning. Pan American Insurance Company v. Cooper Butane Company, 157 Tex. 102, 300 S.W.2d 651 (1957); Southern Travelers Ass'n v. Wright, 34 S.W.2d 823 (Com.App.1931). Where the contracting parties have set forth their own definitions of terms employed, the courts may not disregard them and substitute other meanings therefor. Williams v. J. & C. Royalty Co., 254 S.W.2d 178 (Tex.Civ.App., San Antonio, 1952, error ref.). Here, the parties defined the phrase "the loss of an eye" as being the "complete and irrecoverable loss of sight thereof." Such terms are free from uncertainty and ambiguity. Bolich v. Provident Life & Accident Ins. Co., 205 N.C. 43, 169 S.E. 826 (1933). The policies in question do not insure against the loss of or injury to the lens or any other physical part of the eye. They insure against *loss of sight* and such loss, in order to be compensable under these policies, must not only be complete, but also "irrecoverable." The term "irrecoverable" means "not capable of being recovered, regained or remedied." Loss of sight which can be recovered, regained or remedied through proper medical or surgical treatment, is not to be considered as "irrecoverable" loss, unless such medical or surgical treatment would not be undergone by an ordinarily prudent person under the same or similar circumstances. Southland Life Ins. Co. v. Dunn, 71 S.W.2d 1103 (Tex.Civ.App., El Paso, 1934, err. dism.); Home Life Ins. Co. of New York v. Stewart, 114 F.2d 516 (10th Cir., 1940).

■ The undisputed evidence in this case shows that if surgery is undergone for appellee's cataractous condition, there is a good chance that substantial restoration of vision in the eye will be effected. Whether, under these circumstances, an ordinarily prudent person would undergo such surgical treatment was not presented to the trial court for decision. There being no evidence on this issue, the trial court was not authorized to find that appellee's loss of vision was compensable under the policies sued upon. Since the case has not been properly or fully developed, and the judgment for appellee was unauthorized, the same should be reversed and remanded for a new trial. A. & M. Petroleum Co. v. Friar, 152 S.W.2d 470 (Tex.Civ.App., El Paso, 1941, no writ); Citizens Hotel Co. v. Foley, 131 S.W.2d 402 (Tex.Civ.App., Fort Worth, 1939, dism., judg. correct); and Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is reversed and the cause is remanded for a new trial.