**Robert B. POPE, Appellant,**

v.

**AMERICAN NATIONAL INSURANCE CO.,**
*et al., Appellees.*

No. 430.

Court of Civil Appeals of Texas.

Tyler.

June 5, 1969.

Rehearing Denied June 26, 1969.

Ben E. Jarvis, Tyler, for appellant.

Wilson, Miller, Spivey & Steger, William M. Steger, Tyler, for appellees.

DUNAGAN, Chief Justice.

This is a suit on a credit life insurance policy. Appellant Robert B. Pope, individually and as independent executor of the estate of Annell Bulloch Pope, deceased, instituted this suit against American National Life Insurance Company and the Southside State Bank in Tyler, Texas, to recover on the credit life insurance policy taken out on Annell Bulloch Pope, which was in the principal sum of $4,986.00. Appellees in their answer, among other things, contend that the loan was a renewal or refinancing of the GMAC loan and the appellant was not entitled to recover by the express provisions of Article 3.53, Section 5 of the Insurance Code, V.A.T.S. Appellees further contend that the credit life insurance policy issued requires that the debtor must be gainfully employed in order to be eligible for credit life insurance and that Annell Pope was not so employed and therefore was not eligible as a debtor to have a credit life policy issued to her, which fact bars plaintiff's (appellant's) recovery in this proceeding. The answer further shows that defendants have tendered into the Registry of the trial court the sum of $149.58, which was the amount of the premiums for credit life insurance on the life of Annell Pope.

The court entered a judgment that the plaintiff take nothing. The appellant has duly perfected his appeal to this Court

The stipulated facts are as follows:

1. Robert B. Pope is the son of Annell Bulloch Pope and the duly appointed and active Independent Executor of her Estate.

2. Southside State Bank of Tyler, Texas, is a banking corporation located in Tyler, Texas.

3. American National Insurance Company of Galveston, Texas, is a Texas corporation with headquarters in Galveston, Texas.

4.. Southside State Bank of Tyler, Texas, has had in force since 1964 with American National Insurance Company a contract under which the lives of certain creditors of the Southside State Bank are insured to the extent of the indebtedness due said bank, under the credit life plan.

5. On July 7, 1967, Robert B. Pope came to the Southside State Bank and requested of Joe E. Elliott, Jr., officer of said bank, an installment loan of $4,130.55 on behalf of Annell Bulloch Pope and Robert B. Pope and offered as security for said loan a 1967 Cadillac automobile, motor number B7198234, on which GMAC held a lien for the said amount. Joe E. Elliott, Jr. agreed to make said note. Robert B. Pope offered to take said note and papers and have Annell Bulloch Pope execute same or have Annell Bulloch Pope come to the bank to execute said papers; but he was informed by Joe E. Elliott, Jr. that it would be satisfactory if he would sign her name to said note and papers, which was done. At the time of the execution of said note, Robert B. Pope advised Joe E. Elliott, Jr., that they desired credit life insurance on the life of Annell Bulloch Pope for the amount of said note and $149.58 was added to the principal of said note for the premium of the credit life insurance on Annell Bulloch Pope, along with $705.87 as interest on said note. At the time, Joe E. Elliott, Jr. did not advise Robert B. Pope that Southside State Bank and American National Insurance Corporation had a policy of not insuring a person who was not

gainfully employed. Annell Bulloch Pope was not gainfully employed.

6. After the note was executed, Robert B. Pope requested Joe E. Elliott, Jr. to call GMAC and direct them to draw a draft with title papers attached thereto on Southside State Bank in the amount of $4,130.55, which was the balance to GMAC. The draft was drawn on July 7, 1967, and was presented and paid on July 11, 1967, by Southside State Bank out of the proceeds of the above mentioned note.

7. Annell Bulloch Pope died on July 9, 1967, but no officer of Southside State Bank was aware of this fact until after the above mentioned draft was paid.

8. The title to said automobile is in the name of Mrs. Irvin Pope, Jr., being the same person as Annell Bulloch Pope.

9. Prior to July 7, 1967, Robert B. Pope had credit life insurance on his life to the extent of the indebtedness due GMAC on the note secured by said automobile. On July 13, 1967, GMAC cancelled said insurance.

10. Prior to the actual issuance of a credit life policy on the life of Annell Bulloch Pope, the officers of Southside State Bank learned of her death and therefore such a policy was never issued.

The court made findings of fact and conclusions of law which are a part of the record before us. The court's findings of fact were identical with the stipulations with the exception of reference therein to certain instruments attached thereto. The court concluded as a matter of law that the stipulated facts in this case "establish a renewal or refinancing of the indebtedness in question prior to the scheduled maturity date as contemplated by Section 5 of Article 3.53 of the Insurance Code of Texas and, therefore, the issuance of a new policy of credit life insurance could not be issued or become effective until the credit life insurance then in effect covering said indebtedness be terminated as provided by the above quoted statute."

The record reveals that on August 26, 1964, the appellee insurance company delivered a master group credit life insurance contract to appellee bank which, among other things, provided under the heading of "Eligible Debtors":

"All persons of the class defined in the application for this policy, over the age of eighteen (18) years and under the age of sixty-six (66) years at the time of becoming indebted to the Creditor, who are liable, directly or indirectly, to pay or repay sums of money to the Creditor over a period not to exceed Sixty (60) months and who are *gainfully employed* and agree to pay the required premium contribution to the creditor, shall be eligible for insurance hereunder, provided that no insurance is granted hereunder with respect to any partnership, corporation or association and in the case of more than one debtor on the same debt, the first named debtor only shall be eligible for insurance. For the purpose of this policy, debtors of the following subsidiaries and affiliates of the Creditor shall be considered as debtors of the Creditor:" (Emphasis supplied.).

Section 6 of Article 3.53 of the Insurance Code, as amended, in part provides:

"* * * A. All credit life insurance and credit accident and health insurance shall be evidenced by an individual policy, *or in the case of group insurance by a certificate of insurance,* which individual policy *or group certificate of insurance shall be delivered to the debtor.*" (Emphasis supplied.)

Even though a certificate evidencing group insurance coverage as provided by Section 6 of Article 3.53 of the Insurance Code was never issued, the bank did accept an application of the debtor, Mrs. Annell Pope, for such coverage and included the sum of $149.58 in the principal sum of her note to cover payment of the premiums therefor, which sum as above stated was tendered into the Registry of the trial court. We do not find in the record a copy of

an application of Mrs. Pope for credit life insurance coverage under the master group policy. However, on oral argument it was admitted by counsel for all parties that such an application was made and that the application form found in the transcript was identical with the one executed by Mrs. Pope.

The certificate of group insurance coverage applied for by Mrs. Pope provides therein that "THIS IS TO CERTIFY that the above-named debtor is insured under the provisions of the above indicated Group Life Insurance Policy, subject to all its terms, conditions, limitations and exceptions, issued by AMERICAN NATIONAL INSURANCE COMPANY of Galveston, Texas (herein called the Company) to the above-named creditor (Southside State Bank)."

 The policy contained an express insuring condition that to be an "eligible debtor," one must be *gainfully employed*. This condition is plain and unambiguous and must be enforced according to its terms. The Ohio Oil Company v. Smith, 365 S.W.2d 621 (S.Ct., 1963); Scott v. Industrial Life Insurance Company, 411 S.W. 2d 769, 773 (Tex.Civ.App., Dallas, 1967, n. w. h.); Republic National Life Insurance Company v. Spillars, 368 S.W.2d 92, 5 A.L.R.3d 957 (S.Ct., 1963); Reliable Life Insurance Company v. Steptoe, 435 S.W.2d 630 (Tex.Civ.App., Tyler, 1968, n. w. h.). The parties stipulated that Mrs. Pope *was not gainfully employed* and the court so found. In view of this stipulation and the court's finding, it is clear that Mrs. Pope was not an "eligible debtor" within the provisions and terms of the master group policy herein involved, and therefore, she did not come within the coverage of said policy. To be eligible for insurance under the master group policy, it was required that Mrs. Pope should be *gainfully employed*.

In view of our disposition of this case, we do not reach the question of whether or not the facts as presented establish a renewal or refinancing of the indebtedness of the Popes to GMAC and therefore constituted a violation of Section 5 of Article 3.53 of the Insurance Code of Texas as amended.

Under the pleadings and evidence, we think the trial court rendered the proper judgment.

Judgment affirmed.

MOORE, J., not participating.

## ON MOTION FOR REHEARING

 In his motion for rehearing, appellant contends that appellees' defensive plea that Mrs. Pope was not an eligible debtor to have a credit life insurance policy issued to her because she was not gainfully employed was waived or abandoned in the trial court. As the basis for this contention, he relies upon certain statements which he says were made by counsel for both appellant and appellees in their oral arguments to this Court; also that appellant and appellees in their Briefs and oral arguments to the trial court limited all points and issues to the construction of Section 5, Article 3.53 of the Insurance Code of Texas. As a further basis for his contention, he says that his original Brief on file with this Court contains the unchallenged statement that: "The only defense raised by the appellees in the Trial Court which was found adverse to Appellant herein was that the issuance of the policy violated the provisions of Article 3, Section 5 of the Insurance Code * * *." From the record, it is apparent that appellant was referring to Article 3.53 of the Insurance Code rather than Article 3. Appellant relies on Rule 419, Texas Rules of Civil Procedure, for legal support of his contention. This contention is without merit because (1) this rule does not apply to statements made in oral arguments in appellate courts, nor to statements made in the Briefs or oral arguments of the parties in the trial court, and (2) the appeal presents only questions of law. Refugio Lumber Com-

pany v. Bailey, 172 S.W.2d 133, (Tex.Civ. App., San Antonio, 1943, writ ref.); Stracener v. Steele, 240 S.W.2d 507, (Tex. Civ.App., Dallas, 1951, n. w. h.). Moreover, during the oral argument of appellees' attorney, the Honorable Murph Wilson, in response to questions from the writer of this opinion, he stated that it was stipulated that Mrs. Pope was not gainfully employed and that the policy of insurance required that she be gainfully employed. No one at that time made any contention to this Court that this defense had been waived or abandoned.

 As to what defenses were raised in the trial court for its determination, we must look to the pleadings and evidence. At the time the case was presented to the trial court and at the time of the rendition of the judgment, there was before the court appellees' defensive plea that Mrs. Pope was not an eligible debtor to have a credit life insurance policy issued to her because she was not gainfully employed. Also, in the stipulations of fact by and between the parties, it was stipulated that she was not so employed. After rendition of the judgment, pursuant to appellant's request, the court made and filed its findings of fact and conclusions of law wherein the court found as a fact that Mrs. Pope was not gainfully employed, which finding is supported by the pleadings and evidence. Appellant did not except to the findings of fact filed by the trial court nor request any additional findings. Therefore, the finding that Mrs. Pope was not gainfully employed is binding upon the parties and must be accepted by this Court. Curtis v. National Cash Register Company, 429 S.W.2d 909, (Tex.Civ.App., Amarillo, 1968, writ ref., n. r. e.); Beck v. South, 423 S.W.2d 188, (Tex.Civ.App., Ft. Worth, 1967, writ ref., n. r. e.); Hines v. First Guaranty State Bank of Aubrey, 243 S.W. 972 (Tex. Com.App., 1922, judg. adopted). Appellant does attack the conclusions of law made by the trial court; however, as the findings are sufficient to support the judgment, it will be upheld even if the trial Judge did

err in his conclusions of law, which we do not decide. Mercedes Dusting Service, Inc. v. Evans, 353 S.W.2d 894, (Tex.Civ. App., San Antonio, 1962, n. w. h.).

We have carefully searched the record and do not find where this defense was ever waived or abandoned in the trial court. To the contrary, we find that this defense was before the trial court up to the time the findings of fact and conclusions of law were made and filed by the court which was the last act performed by the court in regard to this case.

We are aware that the trial court's only conclusion of law is that the facts establish a renewal and re-financing of the indebtedness to G.M.A.C. and therefore was in violation of Section 5, Article 3.53 of the Insurance Code of Texas. However, in determining whether the judgment should be affirmed, this does not limit or confine this court solely to the consideration of whether the facts show the loan by the bank to the Popes to be a renewal or re-financing in view of the facts in this case.

██ It is a well settled rule of law in this State that an appellate court will affirm the judgment of a trial court on any theory of law applicable to the case, regardless of whether the trial court gives the correct legal reason for the judgment it enters, or whether he gives any reason at all. Gulf Land Company v. Atlantic Refining Company, 134 Tex. 59, 131 S.W.2d 73, 84 (Tex.Sup., 1939); Foran v. Smith, 228 S.W. 2d 251, (Tex.Civ.App., San Antonio, 1950, n. w. h.); Golden State Mutual Life Insurance Company v. Adams, 340 S.W.2d 77, 80, (Tex.Civ.App., Ft. Worth, 1960, n. w. h.).

The pleadings, the evidence and the court's findings of fact support the judgment rendered and entered by the trial court. Furthermore, the stipulations themselves, without looking to the court's findings of fact and conclusions of law, furnish an adequate basis to support the trial court's judgment. Ruby v. Cambridge

Mutual Fire Insurance Co., 358 S.W.2d 943, 946, (Tex.Civ.App., Dallas, 1962, n. w. h.).

Remaining convinced from the record before us that this case was correctly disposed of in our original opinion, we respectfully overrule appellant's motion for rehearing.

MOORE, J., not participating.