**CHAMPION INTERNATIONAL CORPORATION F/K/A St. Regis Corporation, Appellant,**

v.

**CONTINENTAL NATIONAL BANK, Appellee.**

No. 04–85–00589–CV.

Court of Appeals of Texas, San Antonio.

July 16, 1986.

Rehearing Denied Aug. 20, 1986.

Jonathan Yedor, San Antonio, for appellant.

James L. Drought, Brite, Drought, Bobbitt & Halter, San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This cause of action concerns a draft upon a letter of credit which was dishonored by appellee, Continental National Bank. The trial court, without jury, rendered a take nothing judgment against appellant.

The essential facts establish that Alamo Web Printing Company was doing business under an assumed name of Alamo Web. Appellee bank first issued letter of credit number 130 on January 27, 1983, to secure purchases made by "Alamo Web" from appellant. Appellant made no drafts on this account, which expired January 27, 1984. Subsequently, appellee bank issued letter of credit number 156 on February 10, 1984, to secure purchases by "Miracle Web." "Miracle Web" was a new account at appellee bank. Any draft on this letter of credit was to be supported by the following documents: (1) copy of past due invoice and/or bill; and (2) certification that the invoice and/or bill was over thirty (30) days past due. On April 9, 1984, appellant submitted a draft for $25,000.00 under letter of credit number 156. Attached to this draft were five (5) copies of invoices for goods sold on the Miracle Web account. The date on the invoices indicated the sales occurred between December 13, 1983, and January 30, 1984. It was further stipulated that the invoices had been altered to designate "Miracle Web" as the purchaser of the goods.

We are asked to determine whether appellant established as a matter of law the right to recover the amount of the draft and whether appellee bank wrongfully dishonored the draft. TEX.BUS. & COM. CODE § 5.109(b) (Vernon 1968) provides in pertinent part, viz:

An issuer must examine documents with care so as to ascertain *that on their face they appear to comply with the terms of the credit* but unless otherwise agreed assumes no liability or responsibility for the genuineness, falsification or effect of any document which appears on such examination to be regular on its face.

(Emphasis added).

Also relevant is TEX.BUS. & COM. CODE § 5.114(b)(2) (Vernon Supp.1986) which provides in pertinent part, viz:

[I]n all other cases as against its customer, an issuer acting in good faith may *honor the draft* or demand for payment despite notification from the customer of fraud, forgery or *other defect not apparent on the face of the documents* but a court of appropriate jurisdiction may enjoin such honor.

(Emphasis added).

The commentary under TEX.BUS. & COM.CODE ANN. § 5.109 (Vernon 1968) states:

The purpose of the examination is to determine whether the documents *appear regular on their face.* The fact that the documents may be false or fraudulent or lacking in legal effect is not one for which the issuer is bound to examine. *His duty is limited to apparent regularity on the face of the doc-*

*uments.* The duties, privileges and rights of an issuer who has received *documents which are regular or their face* but are in fact improper because forged or fraudulent are dealt with in Section 5–114.

(Emphasis added).

In this case, appellant entered into a stipulation conceding that the invoices were altered to add the name of "Miracle Web" so as to collect under letter of credit number 156. Appellant was given notice by letter of February 10, 1984, (Plaintiff Exhibit 1) that an irrevocable letter of credit number 156 was established in its favor for the account of Miracle Web effective the date of the letter. The record evidence shows that a new account was established February 10, 1984, under the name of "Miracle Web" which required different signatures on the checks and new management in charge of purchases. The invoices attached to the draft were for purchases made by Alamo Web during the months of December, 1983, and January, 1984, which was before "Miracle Web" came into existence.

The trial court's findings of fact included findings that the documents were altered by adding the name "Miracle Web" and that the alteration was apparent. These findings have not been challenged and therefore constitute conclusive undisputed facts which are binding on appellant and this court. *Curtis v. National Cash Register Co.* 429 S.W.2d 909, 911 (Tex.Civ.App. —Amarillo 1968, writ ref'd n.r.e.). In *Dallas Bank and Trust Co. v. Commonwealth Development Corp.* 686 S.W.2d 226 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), the court ruled:

> [A]n issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery or other *defect not apparent on the face of the documents* ....

*Id.* at 231 (emphasis added).

Thus it appears that where the defect is apparent on the face of the documents the issuer may rightfully dishonor the draft.

Accordingly both points of error are overruled.

The judgment of the trial court is affirmed.